1  RODNEY M. HUDSON (State Bar No. 189363)
   DRINKER BIDDLE & REATH LLP
2  50 Fremont Street, 20th Floor
   San Francisco, California  94105-2235
3  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
4
5  Attorneys for Defendant
   BAYER HEALTHCARE LLC
6
7
8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
10                SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  JOE V. SANCHEZ and SANDRA L. ROARTY-SANCHEZ,, | Case No. CV-08-0973 (EMC) |
| 12 | **ANSWER OF DEFENDANT BAYER HEALTHCARE LLC** |
| 13       Plaintiffs, | |
| 14  v. | **(Pending Transfer to:  In re: Gadolinium Contrast Dyes Products Liability Litigation, MDL No. 1909, N.D. Ohio)** |
| 15  BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL | **[JURY TRIAL DEMANDED]** |
| 16  ELECTRIC COMPANY; GE HEALTHCARE, INC.; TYCO | |
| 17  INTERNATIONAL, INC.; COVIDIEN, INC.; TYCO HEALTHCARE GROUP, LP; | |
| 18  MALLINCKRODT, INC.; and BRACCO DIAGNOSTICS, INC., | |
| 19 | |
| 20       Defendants. | |

22      Defendant Bayer Healthcare LLC (hereinafter "BHC") responds to Plaintiffs'

23  Complaint as follows:

24      1.    BHC denies that at any relevant time it manufactured, marketed or sold any

25  gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

26  paragraph 1 to the extent that they relate to BHC.   BHC is without knowledge or

27  information sufficient to form a belief as to the truth of the allegations in the first

28  sentence in paragraph 1 and the allegation that Plaintiff has impaired kidney function.

1   BHC admits, on information and belief, that the symptoms of nephrogenic systemic

2   fibrosis ("NSF"), formerly known as nephrogenic fibrosing dermopathy, may include

3   pain, that NSF may be fatal, and that currently, there is no known cure for NSF, although

4   various treatments have been employed with variable successes.  The remaining

5   allegations in paragraph 1 are directed to other defendants and therefore no response is

6   required by BHC.  To the extent that a response is required, BHC is without knowledge

7   or information sufficient to form a belief as to the truth of the remaining allegations in

8   paragraph 1.

9          2.      The allegations in paragraph 2 state conclusions of law to which no

10  response is required by BHC.  To the extent that a response is required, BHC is without

11  knowledge or information sufficient to form a belief as to the truth of the allegations in

12  paragraph 2, except that BHC denies that Plaintiffs are entitled to any relief from BHC.

13         3.      BHC is without knowledge or information sufficient to form a belief as to

14  the truth of the allegations in paragraph 3, except that BHC denies that Plaintiffs are

15  entitled to any relief from BHC.

16         4.      BHC is without knowledge or information sufficient to form a belief as to

17  the truth of the allegations in paragraph 4.

18         5.      BHC denies that at any relevant time it manufactured, marketed or sold

19  Magnevist®, a gadolinium-based contrast agent.  BHCP admits, on information and

20  belief, that Bayer HealthCare Pharmaceuticals Inc. ("BHCP") markets and sells

21  Magnevist® in the United States.  BHC denies, on information and belief, that BHCP

22  manufactures Magnevist®.  BHC is without knowledge or information sufficient to form

23  a belief as to the truth of the remaining allegations in paragraph 5.  For a further response,

24  to the extent that the Complaint contains allegations directed to BHCP by the use of the

25  terms "Bayer" or "Defendants" or otherwise, BHC responds on behalf of itself only and

26  makes no response on behalf of BHCP.

27         6.      BHC admits that it is a limited liability company formed in Delaware and

28  that its principal place of business is located in New York.   BHC denies any remaining

1  allegations in paragraph 6.

2       7.     BHC admits that BHCP is a Delaware corporation with its principal place

3  of business in New Jersey.  BHC denies the remaining allegations in paragraph 7.

4       8.     BHC denies the allegations in paragraph 8 to the extent that they relate to

5  BHC.  BHC admits, on information and belief, that at various times BHCP distributed,

6  sold, marketed and promoted Magnevist® in the United States.  BHC denies, on

7  information and belief, that BHCP designed or manufactured Magnevist®.  Because of

8  the vagueness and ambiguity of the remaining allegations in paragraph 8, BHC is without

9  knowledge or information sufficient to form a belief as to the truth of those allegations.

10       9.     The allegations in paragraph 9 are directed to other defendants, and

11  therefore no response is required by BHC.  To the extent that a response is required, BHC

12  is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations in paragraph 9.

14       10.     The allegations in paragraph 10 are directed to another defendant, and

15  therefore no response is required by BHC.  To the extent that a response is required, BHC

16  admits, on information and belief, that General Electric Company is a corporation

17  incorporated under the laws of the State of New York with its principal place of business

18  in Connecticut.  BHC is without knowledge or information sufficient to form a belief as

19  to the truth of the remaining allegations in paragraph 10.

20       11.     The allegations in paragraph 11 are directed to another defendant, and

21  therefore no response is required by BHC.  To the extent that a response is required, BHC

22  admits, on information and belief, that GE Healthcare Inc. is a corporation incorporated

23  under the laws of the State of Delaware with its principal place of business in New

24  Jersey.  BHC is without knowledge or information sufficient to form a belief as to the

25  truth of the remaining allegations in paragraph 11.

26       12.     The allegations in paragraph 12 are directed to other defendants, and

27  therefore no response is required by BHC.  To the extent that a response is required, BHC

28  is without knowledge or information sufficient to form a belief as to the truth of the

1  allegations in paragraph 12.

2      13.    The allegations in paragraph 13 are directed to other defendants, and

3  therefore no response is required by BHC.  To the extent that a response is required, BHC

4  is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations in paragraph 13.

6      14.    The allegations in paragraph 14 are directed to another defendant, and

7  therefore no response is required by BHC.  To the extent that a response is required, BHC

8  is without knowledge or information sufficient to form a belief as to the truth of the

9  allegations in paragraph 14.

10      15.    The allegations in paragraph 15 are directed to other defendants, and

11  therefore no response is required by BHC.  To the extent that a response is required, BHC

12  is without knowledge or information sufficient to form a belief as to the truth of the

13  allegations in paragraph 15.

14      16.    The allegations in paragraph 16 are directed to other defendants, and

15  therefore no response is required by BHC.  To the extent that a response is required, BHC

16  admits, on information and belief, that Mallinckrodt, Inc. is a corporation incorporated

17  under the laws of the State of Delaware with its principal place of business in Missouri.

18  BHC is without knowledge or information sufficient to form a belief as to the truth of the

19  remaining allegations in paragraph 16.

20      17.    The allegations in paragraph 17 are directed to other defendants, and

21  therefore no response is required by BHC.  To the extent that a response is required, BHC

22  is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations in paragraph 17.

24      18.    The allegations in paragraph 18 are directed to another defendant, and

25  therefore no response is required by BHC.  To the extent that a response is required, BHC

26  is without knowledge or information sufficient to form a belief as to the truth of the

27  allegations in paragraph 18.

28      19.    The allegations in paragraph 19 are directed to another defendant, and

therefore no response is required by BHC.  To the extent that a response is required, BHC admits, on information and belief, that Bracco Diagnostics, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.  BHC is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 19.

20.    The allegations in paragraph 20 are directed to another defendant, and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.    BHC admits that the Complaint refers to certain entities as "Defendants". BHC is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 21.

22.    BHC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    BHC admits, on information and belief, that NSF is characterized by fibrosis of the skin and may involve fibrosis of other tissues throughout the body, that symptoms of NSF may include discoloration, thickening, tightening and swelling of the skin, that the symptoms of NSF may also include contractures around the joints that may impair mobility, a burning or itching sensation, and pain, and that in some cases, the skin may feel "woody".  BHC further admits, on information and belief, that there have been reports of NSF involving the lungs, heart, liver and muscles, that the clinical course of NSF can be progressive and may be fatal, and that currently, there is no known cure for NSF, although various treatments have been employed with variable successes.  BHC denies, on information and belief, the remaining or inconsistent allegations in paragraph 23.

24.    Because of the vagueness and ambiguity of the allegations in the first sentence in paragraph 24, BHC is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BHC denies, on information and belief, the

remaining allegations in paragraph 24.

25.    BHC admits, on information and belief, that gadolinium is a heavy metal and that it is not normally detected in the human body at the threshold levels of detection typically employed.   Because of the vagueness and ambiguity of the remaining allegations in the first and second sentences in paragraph 25, BHC is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BHC denies, on information and belief, the remaining allegations in paragraph 25.

26.    Because of the vagueness and ambiguity of the allegations in paragraph 26, BHC is without knowledge or information sufficient to form a belief as to the truth of those allegations.

27.    BHC admits, on information and belief, that Magnevist® is cleared from the body through the kidneys.  Because of the vagueness and ambiguity of the allegations in the second and third sentences in paragraph 27, BHC is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the remaining allegations in paragraph 27 to the extent that they relate to BHC.   The remaining allegations in paragraph 27 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28.    BHC denies the allegations in paragraph 28 to the extent that they relate to BHC.   The remaining allegations in paragraph 28 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC denies, on information and belief, that BHCP manufactured any gadolinium-based contrast agents.  BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29.    Because of the vagueness and ambiguity of the allegations in paragraph 29, BHC is without knowledge or information sufficient to form a belief as to the truth of

1  those allegations.

2      30.    BHC denies that at any relevant time it manufactured, marketed,

3  distributed, sold or administered any gadolinium-based contrast agents, and accordingly,

4  BHC denies the allegations in paragraph 30 to the extent that they relate to BHC.   The

5  remaining allegations in paragraph 30 are directed to other defendants and therefore no

6  response is required by BHC.  To the extent that a response is required, because of the

7  vagueness and ambiguity of the remaining allegations in paragraph 30, BHC is without

8  knowledge or information sufficient to form a belief as to the truth of those allegations.

9      31.    BHC is without knowledge or information sufficient to form a belief as to

10  the truth of the allegations in paragraph 31.

11      32.    BHC is without knowledge or information sufficient to form a belief as to

12  the truth of the allegations in paragraph 32.

13      33.    BHC denies that at any relevant time it manufactured, marketed or sold any

14  gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

15  paragraph 33 to the extent that they relate to BHC.   The remaining allegations in

16  paragraph 33 are directed to other defendants and therefore no response is required by

17  BHC.  To the extent that a response is required, BHC is without knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations in

19  paragraph 33.

20      34.    BHC denies that at any relevant time it manufactured, marketed or sold any

21  gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

22  paragraph 34 to the extent that they relate to BHC.   The remaining allegations in

23  paragraph 34 are directed to other defendants and therefore no response is required by

24  BHC.  To the extent that a response is required, BHC is without knowledge or

25  information sufficient to form a belief as to the truth of the remaining allegations in

26  paragraph 34.

27      35.    BHC denies that at any relevant time it manufactured, marketed, distributed

28  or sold any gadolinium-based contrast agents, and accordingly, BHC denies the

1    allegations in paragraph 35 to the extent that they relate to BHC.   The remaining

2    allegations in paragraph 35 are directed to other defendants and therefore no response is

3    required by BHC.  To the extent that a response is required, BHC is without knowledge

4    or information sufficient to form a belief as to the truth of the remaining allegations in

5    paragraph 35.

6        36.    BHC denies that at any relevant time it manufactured, marketed or sold any

7    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

8    paragraph 36 to the extent that they relate to BHC.   The remaining allegations in

9    paragraph 36 are directed to other defendants and therefore no response is required by

10   BHC.  To the extent that a response is required, BHC is without knowledge or

11   information sufficient to form a belief as to the truth of the remaining allegations in

12   paragraph 36.

13       37.    The allegations in paragraph 37 purport to describe a September 2007 letter

14   to healthcare professionals, which is in writing and speaks for itself.  To the extent that

15   Plaintiffs' allegations regarding the contents of that letter are inconsistent with the actual

16   language of the letter, BHC denies those allegations.  BHC denies that at any relevant

17   time it manufactured, marketed or sold any gadolinium-based contrast agents, and

18   accordingly, BHC denies the remaining allegations in paragraph 37 to the extent that they

19   relate to BHC.   The remaining allegations in paragraph 37 are directed to other

20   defendants and therefore no response is required by BHC.  To the extent that a response

21   is required, BHC is without knowledge or information sufficient to form a belief as to the

22   truth of the remaining allegations in paragraph 37.

23       38.    BHC denies that at any relevant time it manufactured, marketed or sold any

24   gadolinium-based contrast agents, and accordingly, BHC is without knowledge or

25   information sufficient to form a belief as to the truth of the allegations in paragraph 38.

26       39.    BHC denies that at any relevant time it manufactured, marketed or sold any

27   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

28   paragraph 39 to the extent that they relate to BHC.   The remaining allegations in

1    paragraph 39 are directed to other defendants and therefore no response is required by

2    BHC.  To the extent that a response is required, BHC is without knowledge or

3    information sufficient to form a belief as to the truth of the remaining allegations in

4    paragraph 39.

5        40.    BHC denies that at any relevant time it manufactured, marketed or sold any

6    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

7    paragraph 40 to the extent that they relate to BHC.   The remaining allegations in

8    paragraph 40 are directed to other defendants and therefore no response is required by

9    BHC.  To the extent that a response is required, BHC is without knowledge or

10   information sufficient to form a belief as to the truth of the remaining allegations in

11   paragraph 40.

12       41.    BHC denies that at any relevant time it manufactured, marketed or sold any

13   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

14   paragraph 41 to the extent that they relate to BHC.   The remaining allegations in

15   paragraph 41 are directed to other defendants and therefore no response is required by

16   BHC.  To the extent that a response is required, BHC is without knowledge or

17   information sufficient to form a belief as to the truth of the remaining allegations in

18   paragraph 41.

19       42.    The allegations in paragraph 42 state conclusions of law to which no

20   response is required by BHC.  To the extent that a response is required, BHC denies that

21   at any relevant time it manufactured, marketed or sold any gadolinium-based contrast

22   agents, and accordingly, BHC denies the allegations in paragraph 42 to the extent that

23   they relate to BHC.   The remaining allegations in paragraph 42 are directed to other

24   defendants and therefore no response is required by BHC.  To the extent that a response

25   is required, BHC is without knowledge or information sufficient to form a belief as to the

26   truth of the remaining allegations in paragraph 42.

27       43.    BHC denies that at any relevant time it manufactured, marketed or sold any

28   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

9

1    paragraph 43 to the extent that they relate to BHC.   The remaining allegations in

2    paragraph 43 are directed to other defendants and therefore no response is required by

3    BHC.  To the extent that a response is required, BHC is without knowledge or

4    information sufficient to form a belief as to the truth of the remaining allegations in

5    paragraph 43.

6                          **FIRST CAUSE OF ACTION**

7            44.    BHC incorporates by reference its responses to the preceding paragraphs as

8    if fully set forth herein.

9            45.    BHC denies that at any relevant time it manufactured, marketed or sold any

10   gadolinium-based contrast agents or any MRI or MRA machines, and accordingly, BHC

11   denies the allegations in paragraph 45 to the extent that they relate to BHC.   The

12   remaining allegations in paragraph 45 are directed to other defendants and therefore no

13   response is required by BHC.  To the extent that a response is required, BHC is without

14   knowledge or information sufficient to form a belief as to the truth of the remaining

15   allegations in paragraph 45.

16           46.    BHC denies that at any relevant time it manufactured, designed, sold,

17   supplied or marketed any gadolinium-based contrast agents, and accordingly, BHC

18   denies the allegations in paragraph 46 to the extent that they relate to BHC.   The

19   remaining allegations in paragraph 46 are directed to other defendants and therefore no

20   response is required by BHC.  To the extent that a response is required, BHC is without

21   knowledge or information sufficient to form a belief as to the truth of the remaining

22   allegations in paragraph 46.

23                         **SECOND CAUSE OF ACTION**

24           47.    BHC incorporates by reference its responses to the preceding paragraphs as

25   if fully set forth herein.

26           48.    BHC denies the allegations in paragraph 48 to the extent that they relate to

27   BHC.   BHC admits, on information and belief, that at various times BHCP distributed,

28   sold and supplied Magnevist® in the United States.  BHC denies, on information and

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

10

SF1\396811\1          ANSWER OF BAYER HEALTHCARE LLC                    CASE NO. CV-08-0973 (EMC)

1   belief, that BHCP manufactured or designed Magnevist® and that BHC manufactured,

2   designed, distributed, sold or supplied MRI or MRA machines.  The remaining

3   allegations in paragraph 48 are directed to other defendants and therefore no response is

4   required by BHC.  To the extent that a response is required, BHC is without knowledge

5   or information sufficient to form a belief as to the truth of the remaining allegations in

6   paragraph 48.

7       49.     BHC denies that at any relevant time it manufactured or supplied any

8   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

9   paragraph 49 to the extent that they relate to BHC.   The remaining allegations in

10  paragraph 49 are directed to other defendants and therefore no response is required by

11  BHC.  To the extent that a response is required, BHC is without knowledge or

12  information sufficient to form a belief as to the truth of the remaining allegations in

13  paragraph 49.

14      50.     BHC denies that at any relevant time it manufactured, marketed or sold any

15  gadolinium-based contrast agents or any MRI or MRA machines, and accordingly, BHC

16  is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations in paragraph 50.

18      51.     BHC denies that at any relevant time it manufactured, designed, sold,

19  supplied or marketed any gadolinium-based contrast agents, and accordingly, BHC

20  denies the allegations in paragraph 51 to the extent that they relate to BHC.   The

21  remaining allegations in paragraph 51 are directed to other defendants and therefore no

22  response is required by BHC.  To the extent that a response is required, BHC is without

23  knowledge or information sufficient to form a belief as to the truth of the remaining

24  allegations in paragraph 51.

25                  **THIRD CAUSE OF ACTION**

26      52.     BHC incorporates by reference its responses to the preceding paragraphs as

27  if fully set forth herein.

28      53.     BHC denies that at any relevant time it manufactured, marketed, sold or

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

tested any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 53 to the extent that they relate to BHC.   The remaining allegations in paragraph 53 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53.

54.    BHC denies that at any relevant time it manufactured, marketed, sold or tested any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 54 to the extent that they relate to BHC.   The remaining allegations in paragraph 54 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54.

55.    BHC denies that at any relevant time it tested, manufactured, designed, sold, supplied or marketed any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 55 to the extent that they relate to BHC.   The remaining allegations in paragraph 55 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

## FOURTH CAUSE OF ACTION

56.    BHC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

57.    The allegations in paragraph 57 state conclusions of law to which no response is required by BHC.  To the extent that a response is required, BHC denies that at any relevant time it designed, tested, manufactured, labeled, marketed, sold or distributed any gadolinium-based contrast agents or any MRI or MRA machines, and accordingly, BHC denies the allegations in paragraph 57 to the extent that they relate to

1  BHC.   The remaining allegations in paragraph 57 are directed to other defendants and

2  therefore no response is required by BHC.  To the extent that a response is required, BHC

3  is without knowledge or information sufficient to form a belief as to the truth of the

4  remaining allegations in paragraph 57.

5      58.    BHC denies that at any relevant time it designed, manufactured, sold,

6  tested, marketed or distributed any gadolinium-based contrast agents or any MRI or

7  MRA machines, and accordingly, BHC denies the allegations in paragraph 58 to the

8  extent that they relate to BHC.   The remaining allegations in paragraph 58 are directed to

9  other defendants and therefore no response is required by BHC.  To the extent that a

10  response is required, BHC is without knowledge or information sufficient to form a belief

11  as to the truth of the remaining allegations in paragraph 58.

12      59.    BHC denies that at any relevant time it manufactured, marketed, sold or

13  labeled any gadolinium-based contrast agents or any MRI or MRA machines, and

14  accordingly, BHC denies the allegations in paragraph 59 to the extent that they relate to

15  BHC.   The remaining allegations in paragraph 59 are directed to other defendants and

16  therefore no response is required by BHC.  To the extent that a response is required, BHC

17  is without knowledge or information sufficient to form a belief as to the truth of the

18  remaining allegations in paragraph 59.

19      60.    The allegations in paragraph 60 state conclusions of law to which no

20  response is required by BHC.  To the extent that a response is required, BHC denies that

21  at any relevant time it manufactured or marketed any gadolinium-based contrast agents or

22  any MRI or MRA machines, and accordingly, BHC denies the allegations in paragraph

23  60 to the extent that they relate to BHC.   The remaining allegations in paragraph 60 are

24  directed to other defendants and therefore no response is required by BHC.  To the extent

25  that a response is required, BHC is without knowledge or information sufficient to form a

26  belief as to the truth of the remaining allegations in paragraph 60.

27      61.    BHC denies that at any relevant time it manufactured, marketed or sold any

28  gadolinium-based contrast agents or any MRI or MRA machines, and accordingly, BHC

1    denies the allegations in paragraph 61 to the extent that they relate to BHC.   The

2    remaining allegations in paragraph 61 are directed to other defendants and therefore no

3    response is required by BHC.  To the extent that a response is required, BHC is without

4    knowledge or information sufficient to form a belief as to the truth of the remaining

5    allegations in paragraph 61.

6         62.    BHC denies that at any relevant time it manufactured, marketed or sold any

7    gadolinium-based contrast agents or any MRI or MRA machines, and accordingly, BHC

8    denies the allegations in paragraph 62 to the extent that they relate to BHC.   The

9    remaining allegations in paragraph 62 are directed to other defendants and therefore no

10   response is required by BHC.  To the extent that a response is required, BHC is without

11   knowledge or information sufficient to form a belief as to the truth of the remaining

12   allegations in paragraph 62.

13        63.    BHC denies that at any relevant time it manufactured, marketed or sold any

14   gadolinium-based contrast agents or any MRI or MRA machines, and accordingly, BHC

15   denies the allegations in paragraph 63 to the extent that they relate to BHC.   The

16   remaining allegations in paragraph 63 are directed to other defendants and therefore no

17   response is required by BHC.  To the extent that a response is required, BHC is without

18   knowledge or information sufficient to form a belief as to the truth of the remaining

19   allegations in paragraph 63.

20                      **FIFTH CAUSE OF ACTION**

21        64.    BHC incorporates by reference its responses to the preceding paragraphs as

22   if fully set forth herein.

23        65.    BHC denies that at any relevant time it manufactured, marketed or sold any

24   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

25   paragraph 65 to the extent that they relate to BHC.   The remaining allegations in

26   paragraph 65 are directed to other defendants and therefore no response is required by

27   BHC.  To the extent that a response is required, BHC is without knowledge or

28   information sufficient to form a belief as to the truth of the remaining allegations in

1    paragraph 65.

2        66.    BHC denies that at any relevant time it manufactured, marketed or sold any

3    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

4    paragraph 66 to the extent that they relate to BHC.   The remaining allegations in

5    paragraph 66 are directed to other defendants and therefore no response is required by

6    BHC.  To the extent that a response is required, BHC is without knowledge or

7    information sufficient to form a belief as to the truth of the remaining allegations in

8    paragraph 66.

9        67.    The allegations in paragraph 67 state conclusions of law to which no

10   response is required by BHC.  To the extent that a response is required, BHC denies that

11   at any relevant time it manufactured, marketed or sold any gadolinium-based contrast

12   agents, and accordingly, BHC denies the allegations in paragraph 67 to the extent that

13   they relate to BHC.   The remaining allegations in paragraph 67 are directed to other

14   defendants and therefore no response is required by BHC.  To the extent that a response

15   is required, BHC is without knowledge or information sufficient to form a belief as to the

16   truth of the remaining allegations in paragraph 67.

17       68.    BHC denies that at any relevant time it manufactured, marketed or sold any

18   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

19   paragraph 68 to the extent that they relate to BHC.   The remaining allegations in

20   paragraph 68 are directed to other defendants and therefore no response is required by

21   BHC.  To the extent that a response is required, BHC is without knowledge or

22   information sufficient to form a belief as to the truth of the remaining allegations in

23   paragraph 68.

24       69.    BHC denies that at any relevant time it manufactured, marketed or sold any

25   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

26   paragraph 69 to the extent that they relate to BHC.   The remaining allegations in

27   paragraph 69 are directed to other defendants and therefore no response is required by

28   BHC.  To the extent that a response is required, BHC is without knowledge or

1    information sufficient to form a belief as to the truth of the remaining allegations in

2    paragraph 69.

3                            **SIXTH CAUSE OF ACTION**

4        70.    BHC incorporates by reference its responses to the preceding paragraphs as

5    if fully set forth herein.

6        71.    BHC denies that at any relevant time it manufactured, marketed or sold any

7    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

8    paragraph 71 to the extent that they relate to BHC.   The remaining allegations in

9    paragraph 71 are directed to other defendants and therefore no response is required by

10   BHC.  To the extent that a response is required, BHC is without knowledge or

11   information sufficient to form a belief as to the truth of the remaining allegations in

12   paragraph 71.

13       72.    BHC denies that at any relevant time it manufactured, marketed, sold,

14   labeled or promoted any gadolinium-based contrast agents, and accordingly, BHC denies

15   the allegations in paragraph 72 to the extent that they relate to BHC.   The remaining

16   allegations in paragraph 72 are directed to other defendants and therefore no response is

17   required by BHC.  To the extent that a response is required, BHC is without knowledge

18   or information sufficient to form a belief as to the truth of the remaining allegations in

19   paragraph 72.

20       73.    BHC denies that at any relevant time it manufactured, marketed or sold any

21   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

22   paragraph 73 to the extent that they relate to BHC.   The remaining allegations in

23   paragraph 73 are directed to other defendants and therefore no response is required by

24   BHC.  To the extent that a response is required, BHC is without knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations in

26   paragraph 73.

27       74.    BHC denies that at any relevant time it manufactured, marketed, sold,

28   labeled or promoted any gadolinium-based contrast agents, and accordingly, BHC denies

1    the allegations in paragraph 74 to the extent that they relate to BHC.  The remaining

2    allegations in paragraph 74 are directed to other defendants and therefore no response is

3    required by BHC.  To the extent that a response is required, BHC is without knowledge

4    or information sufficient to form a belief as to the truth of the remaining allegations in

5    paragraph 74.

6           75.     BHC denies that at any relevant time it manufactured, marketed or sold any

7    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

8    paragraph 75 to the extent that they relate to BHC.  The remaining allegations in

9    paragraph 75 are directed to other defendants and therefore no response is required by

10    BHC.  To the extent that a response is required, BHC is without knowledge or

11    information sufficient to form a belief as to the truth of the remaining allegations in

12    paragraph 75.

13           76.     The allegations in paragraph 76 state conclusions of law to which no

14    response is required by BHC.  To the extent that a response is required, BHC denies that

15    at any relevant time it manufactured, marketed or sold any gadolinium-based contrast

16    agents, and accordingly, BHC denies the allegations in paragraph 76 to the extent that

17    they relate to BHC.  The remaining allegations in paragraph 76 are directed to other

18    defendants and therefore no response is required by BHC.  To the extent that a response

19    is required, BHC is without knowledge or information sufficient to form a belief as to the

20    truth of the remaining allegations in paragraph 76.

21           77.     The allegations in paragraph 77 state conclusions of law to which no

22    response is required by BHC.  To the extent that a response is required, BHC denies that

23    at any relevant time it manufactured, marketed, sold, labeled or promoted any

24    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

25    paragraph 77 to the extent that they relate to BHC.  The remaining allegations in

26    paragraph 77 are directed to other defendants and therefore no response is required by

27    BHC.  To the extent that a response is required, BHC is without knowledge or

28    information sufficient to form a belief as to the truth of the remaining allegations in

1    paragraph 77.

2        78.    BHC denies that at any relevant time it manufactured, marketed or sold any

3    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

4    paragraph 78 to the extent that they relate to BHC.   The remaining allegations in

5    paragraph 78 are directed to other defendants and therefore no response is required by

6    BHC.  To the extent that a response is required, BHC is without knowledge or

7    information sufficient to form a belief as to the truth of the remaining allegations in

8    paragraph 78.

9        79.    BHC denies that at any relevant time it manufactured, marketed or sold any

10   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

11   paragraph 79 to the extent that they relate to BHC.   The remaining allegations in

12   paragraph 79 are directed to other defendants and therefore no response is required by

13   BHC.  To the extent that a response is required, BHC is without knowledge or

14   information sufficient to form a belief as to the truth of the remaining allegations in

15   paragraph 79.

16       80.    BHC denies that at any relevant time it manufactured, marketed or sold any

17   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

18   paragraph 80 to the extent that they relate to BHC.   The remaining allegations in

19   paragraph 80 are directed to other defendants and therefore no response is required by

20   BHC.  To the extent that a response is required, BHC is without knowledge or

21   information sufficient to form a belief as to the truth of the remaining allegations in

22   paragraph 80.

23                          **SEVENTH CAUSE OF ACTION**

24       81.    BHC incorporates by reference its responses to the preceding paragraphs as

25   if fully set forth herein.

26       82.    BHC denies that at any relevant time it manufactured, marketed or sold any

27   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

28   paragraph 82 to the extent that they relate to BHC.   The remaining allegations in

paragraph 82 are directed to other defendants and therefore no response is required by BHC. To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.

83. BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 83 to the extent that they relate to BHC. The remaining allegations in paragraph 83 are directed to other defendants and therefore no response is required by BHC. To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83.

84. BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 84 to the extent that they relate to BHC. The remaining allegations in paragraph 84 are directed to other defendants and therefore no response is required by BHC. To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84.

## EIGHTH CAUSE OF ACTION

85. BHC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

86. The allegations in paragraph 86 state conclusions of law to which no response is required by BHC. To the extent that a response is required, BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 86 to the extent that they relate to BHC. The remaining allegations in paragraph 86 are directed to other defendants and therefore no response is required by BHC. To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the

1   truth of the remaining allegations in paragraph 86.

2     87. BHC denies that at any relevant time it manufactured, marketed or sold any

3   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

4   paragraph 87 to the extent that they relate to BHC.   The remaining allegations in

5   paragraph 87 are directed to other defendants and therefore no response is required by

6   BHC.  To the extent that a response is required, BHC is without knowledge or

7   information sufficient to form a belief as to the truth of the remaining allegations in

8   paragraph 87.

9     88. BHC denies that at any relevant time it manufactured, marketed or sold any

10  gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

11  paragraph 88 to the extent that they relate to BHC.   The remaining allegations in

12  paragraph 88 are directed to other defendants and therefore no response is required by

13  BHC.  To the extent that a response is required, BHC is without knowledge or

14  information sufficient to form a belief as to the truth of the remaining allegations in

15  paragraph 88.

16  **NINTH CAUSE OF ACTION**

17    89. BHC incorporates by reference its responses to the preceding paragraphs as

18  if fully set forth herein.

19    90. The allegations in paragraph 90 state conclusions of law to which no

20  response is required by BHC.  To the extent that a response is required, BHC denies that

21  at any relevant time it designed, manufactured, marketed, sold or distributed any

22  gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

23  paragraph 90 to the extent that they relate to BHC.   The remaining allegations in

24  paragraph 90 are directed to other defendants and therefore no response is required by

25  BHC.  To the extent that a response is required, BHC is without knowledge or

26  information sufficient to form a belief as to the truth of the remaining allegations in

27  paragraph 90.

28    91. BHC denies that at any relevant time it manufactured, marketed or sold any

gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 91 to the extent that they relate to BHC.   The remaining allegations in paragraph 91 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91.

92.    BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 92 to the extent that they relate to BHC.   The remaining allegations in paragraph 92 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92.

93.    BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 93 to the extent that they relate to BHC.   The remaining allegations in paragraph 93 are directed to other defendants and therefore no response is required by BHC.  To the extent that a response is required, BHC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

## TENTH CAUSE OF ACTION

94.    BHC incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

95.    The allegations in paragraph 95 state conclusions of law to which no response is required by BHC.  To the extent that a response is required, BHC denies that at any relevant time it manufactured, marketed or sold any gadolinium-based contrast agents, and accordingly, BHC denies the allegations in paragraph 95, including subparagraphs a. through g., to the extent that they relate to BHC.   The remaining

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

21

1    allegations in paragraph 95 are directed to other defendants and therefore no response is

2    required by BHC.  To the extent that a response is required, BHC is without knowledge

3    or information sufficient to form a belief as to the truth of the remaining allegations in

4    paragraph 95.

5        96.    BHC denies that at any relevant time it manufactured, marketed or sold any

6    gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

7    paragraph 96 to the extent that they relate to BHC.   The remaining allegations in

8    paragraph 96 are directed to other defendants and therefore no response is required by

9    BHC.  To the extent that a response is required, BHC is without knowledge or

10   information sufficient to form a belief as to the truth of the remaining allegations in

11   paragraph 96.

12                        **ELEVENTH CAUSE OF ACTION**

13       97.    BHC incorporates by reference its responses to the preceding paragraphs as

14   if fully set forth herein.

15       98.    BHC is without knowledge or information sufficient to form a belief as to

16   the truth of the allegations in paragraph 98.

17       99.    BHC denies that at any relevant time it manufactured, marketed or sold any

18   gadolinium-based contrast agents, and accordingly, BHC denies the allegations in

19   paragraph 99 to the extent that they relate to BHC.   The remaining allegations in

20   paragraph 99 are directed to other defendants and therefore no response is required by

21   BHC.  To the extent that a response is required, BHC is without knowledge or

22   information sufficient to form a belief as to the truth of the remaining allegations in

23   paragraph 99.

24       100.   BHC denies that Plaintiffs are entitled to any relief this action, including

25   but not limited to the specific items of relief requested by Plaintiffs in the Complaint.

26       101.   BHC denies each and every allegation in the Complaint that relates to or is

27   directed to BHC unless such allegations are expressly admitted in this Answer.

28

1

## DEFENSES

2      Discovery and investigation may reveal that one or more of the following defenses

3  should be available to BHC in this matter.  BHC accordingly preserves the right to assert

4  these separate and additional defenses.  Upon completion of discovery, if the facts

5  warrant, BHC may withdraw any of these additional defenses as may be appropriate.

6  BHC further reserves the right to amend its Answer and defenses, and to assert additional

7  defenses and other claims, as discovery proceeds.

8      In setting forth the following separate and additional defenses, BHC does not

9  concede that it bears the burden of proof or persuasion as to any of them.

10

## FIRST DEFENSE

11      Plaintiffs' Complaint, and each and every count contained therein, fails to state a

12  cause of action or claim upon which relief can be granted against BHC.

13

## SECOND DEFENSE

14      Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable

15  statutes of limitations and/or statutes of repose.

16

## THIRD DEFENSE

17      Plaintiffs' claims against BHC are barred, in whole or in part, by laches, waiver

18  and/or estoppel.

19

## FOURTH DEFENSE

20      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate

21  Plaintiffs' alleged damages.

22

## FIFTH DEFENSE

23      The acts and omissions of Plaintiffs caused and/or contributed to the alleged

24  damages, thereby barring or reducing the amount of recovery under the doctrines of

25  contributory negligence and/or comparative negligence.  Plaintiffs' recovery, if any,

26  therefore is barred or should be apportioned in accordance with applicable law.

27  ///

28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\396811\1      ANSWER OF BAYER HEALTHCARE LLC                    CASE NO. CV-08-0973 (EMC)

### SIXTH DEFENSE

The alleged injuries sustained by Plaintiffs, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHC has no legal responsibility.

### SEVENTH DEFENSE

If Plaintiffs suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiffs' assumption of the risk.

### EIGHT DEFENSE

The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHC was not the proximate and/or competent producing cause of such alleged injuries and damages.

### NINTH DEFENSE

The injuries and damages claimed by Plaintiffs, if any, are barred or must be reduced because those damages arose from the acts or omissions of persons or entities other than BHC.

### TENTH DEFENSE

If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug Magnevist®. Plaintiffs' recovery is accordingly barred.

### ELEVENTH DEFENSE

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHC.

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\396811\1

24

ANSWER OF BAYER HEALTHCARE LLC                    CASE NO. CV-08-0973 (EMC)

1

## TWELFTH DEFENSE

2    Magnevist® is a prescription pharmaceutical which was available only upon the

3  prescription of a licensed physician and is indicated for use by physicians for only certain

4  purposes.  Accordingly, the claims in the Complaint are barred in whole or in part by the

5  learned intermediary doctrine.

6

## THIRTEENTH DEFENSE

7    Plaintiffs' recovery is barred to the extent that that the methods, standards, and

8  techniques utilized with respect to the design, manufacture, marketing and sale of

9  Magnevist®, including but not limited to adequate warnings and instructions with respect

10  to the product's use included in the product's package insert and other literature,

11  conformed to the applicable state of the art.  Plaintiffs' recovery is further barred to the

12  extent that Magnevist®, including its labeling approved by the FDA, complied with the

13  state of scientific and medical knowledge available at the time of its design, testing,

14  manufacture, distribution, marketing and sale.

15

## FOURTEENTH DEFENSE

16    Plaintiffs' claims are barred to the extent that Magnevist® was neither defective

17  nor unreasonably dangerous in its design, manufacture or marketing and was reasonably

18  safe and reasonably fit for its intended use.  Plaintiffs' claims are barred to the extent that

19  the warnings and instructions accompanying Magnevist® at the time of the occurrence or

20  injuries alleged by Plaintiffs were legally adequate warnings and instructions.

21

## FIFTEENTH DEFENSE

22    Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Second)

23  of Torts § 402A, comment k.

24

## SIXTEENTH DEFENSE

25    Plaintiffs' recovery is barred to the extent that the prescription drug Magnevist®

26  complied with the applicable product safety regulations promulgated by the FDA, and

27  compliance with such regulations demonstrates that due care was exercised with respect

28

1   to the design, manufacture, testing, marketing and sale of this prescription drug, and that

2   it was neither defective nor unreasonably dangerous.

### SEVENTEENTH DEFENSE

4        Any claims by Plaintiffs relating to alleged communications with regulatory

5   agencies of the United States government are barred in whole or in part by operation of

6   applicable law, including First and Fourteenth Amendment rights to petition the

7   government.

### EIGHTEENTH DEFENSE

9        Plaintiffs' claims are barred in whole or in part because the commercial speech

10  relating to Magnevist® is protected under the First Amendment of the United States

11  Constitution and the applicable state constitution.

### NINETEENTH DEFENSE

13       Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by

14  the doctrine of primary jurisdiction, in that the FDA is charged under law with

15  determining the content of warnings and labeling for prescription drugs.

### TWENTIETH DEFENSE

17       Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the

18  Supremacy Clause of the United States Constitution by reason of the federal regulation of

19  prescription drug manufacturing, testing, marketing, and labeling.

### TWENTY-FIRST DEFENSE

21       Plaintiffs' claims are preempted, in whole or in part, by reason of the FDA's

22  preamble to the *Requirements on Content and Format of Labeling for Human*

23  *Prescription Drug and Biological Products*, 71 Fed. Reg. 3922 (Jan. 24, 2006).

### TWENTY-SECOND DEFENSE

25       Plaintiffs cannot state a claim with regard to warnings and labeling for prescription

26  drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the

27  FDA.

28

1

**TWENTY-THIRD DEFENSE**

2      This Court should abstain from adjudicating Plaintiffs' claims relating to warnings

3    and labeling in deference to the interpretation of regulations relating to prescription drug

4    labeling by the FDA.

5

**TWENTY-FOURTH DEFENSE**

6      Plaintiffs did not detrimentally rely on any labeling, warnings or information

7    concerning Magnevist®.

8

**TWENTY-FIFTH DEFENSE**

9      Upon information and belief, each item of economic loss alleged in the Complaint

10    was, or with reasonable certainty will be, replaced or indemnified in whole or in part by

11    collateral sources.

12

**TWENTY-SIXTH DEFENSE**

13      To the extent that Plaintiffs are seeking recovery for benefits entitled to be

14    received or actually received from any other source for injuries alleged in the Complaint,

15    such benefits are not recoverable in this action under applicable law.

16

**TWENTY-SEVENTH DEFENSE**

17      To the extent that Plaintiffs have settled or will in the future settle with any person

18    or entity with respect to the injuries asserted in the Complaint, the liability of BHC, if

19    any, should be reduced accordingly.

20

**TWENTY-EIGHT DEFENSE**

21      Plaintiffs' Complaint fails to state a claim against BHC upon which relief can be

22    granted as to costs, attorneys' fees, expenses, pre-judgment interest, post-judgment

23    interest or estoppel.

24

**TWENTY-NINTH DEFENSE**

25      Plaintiffs' Complaint fails to join indispensable parties necessary for the just

26    adjudication of this matter.

27    ///

28    ///

## THIRTIETH DEFENSE

Plaintiffs' Complaint fails to state a claim against BHC upon which relief can be granted for several or joint and several liability.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims for breach of warranty are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty.

## THIRTY-SECOND DEFENSE

BHC did not sell or distribute Magnevist® to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiffs' claims for breach of warranty are barred by lack of privity between Plaintiffs and BHC.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable state's Uniform Commercial Code or other applicable law.

## THIRTY-FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim for fraud, statutory fraud, misrepresentation, omission, suppression and/or concealment, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure.

## THIRTY-FIFTH DEFENSE

Plaintiffs' Complaint fails to state a claim against BHC upon which relief can be granted for punitive or exemplary damages.

## THIRTY-SIXTH DEFENSE

BHC denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiffs have produced evidence sufficient to support or sustain the imposition of punitive damages against BHC pursuant to the applicable standard(s) of proof.

### THIRTY-SEVENTH DEFENSE

Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHC's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States, California and Arizona Constitutions and any other applicable state Constitutions.

### THIRTY-EIGHTH DEFENSE

Plaintiffs cannot recover punitive or exemplary damages against BHC because such an award, which is penal in nature, would violate BHC's constitutional rights under the United States Constitution and any other applicable state constitution, unless BHC is afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents and the right to the requirement of a level of proof beyond a reasonable doubt.

### THIRTY-NINTH DEFENSE

Any imposition of punitive or exemplary damages in this case against BHC would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### FORTIETH DEFENSE

With respect to Plaintiffs' demand for punitive or exemplary damages, BHC specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under applicable state law.

### FORTY-FIRST DEFENSE

Any award of punitive or exemplary damages against BHC is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North*

1  *America, Inc. v. Gore,* 517 U.S. 559, 134 L. Ed. 2d 809, 116 S. Ct. 1589 (1996), *State*

2  *Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip*

3  *Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

4  ## FORTY-SECOND DEFENSE

5  No act or omission of BHC was vile, base, willful, malicious, wanton, oppressive

6  or fraudulent, or done with a conscious disregard for the health, safety, and rights of

7  Plaintiffs and others, or for the primary purpose of increasing profits. Nor was any act or

8  omission of BHC done with actual malice, fraud or oppression as defined in California

9  Civil Code section 3294, or with actual malicious or gross negligence that evidences a

10  willful, wanton, or reckless disregard for the safety of others, or an evil mind, and BHC

11  did not commit actual fraud. Therefore, Plaintiffs' Complaint fails to state a claim upon

12  which relief can be granted for punitive or exemplary damages. Plaintiffs' Complaint

13  seeks damages in excess of those permitted by law. BHC asserts any statutory or judicial

14  protection from punitive or exemplary damages that is available under the applicable law,

15  and any award of punitive or exemplary damages is barred.

16  ## FORTY-THIRD DEFENSE

17  Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Arizona

18  consumer protection statute.

19  ## FORTY-FOURTH DEFENSE

20  Plaintiffs' claims are barred in whole or in part because the Arizona consumer

21  protection statute is insufficiently definite to provide adequate or fair notice of the

22  conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth

23  Amendments to the United States Constitution and the due process protections of the

24  applicable state constitution.

25  ## FORTY-FIFTH DEFENSE

26  Plaintiffs' claims are barred in whole or in part because Arizona consumer

27  protection statute unconstitutionally burdens interstate business practices relating to

28  prescription drugs, which are heavily regulated by the FDA.

1

### FORTY-SIXTH DEFENSE

2

Venue is improper.

3

### FORTY-SEVENTH DEFENSE

4

This Court is not the proper forum and is not a convenient forum for the just

5

adjudication of Plaintiffs' claims.

6

### FORTY-EIGHT DEFENSE

7

The injuries claimed by Plaintiffs, if any, were the result of an idiosyncratic

8

reaction to the product.

9

### FORTY-NINTH DEFENSE

10

Upon information and belief, Plaintiffs consented to the alleged wrongful conduct

11

at issue, which bars Plaintiffs' claims in whole or in part.

12

### FIFTIETH DEFENSE

13

To the extent that California law is applicable to Plaintiffs' claims, Plaintiffs' non-

14

economic loss must be allocated in accordance with the provision of California Civil

15

Code Section 1431.1 ("Proposition 51").

16

### FIFTY-FIRST DEFENSE

17

To the extent that Arizona law is applicable to Plaintiffs' claims, Plaintiffs'

18

Complaint fails to state a claim upon which relief can be granted for several or joint and

19

several liability and any recovery should be apportioned pursuant to the Uniform

20

Contribution Among Tortfeasors Act, A.R.S. § 12-2501, *et seq.*

21

### FIFTY-SECOND DEFENSE

22

Any recovery by Plaintiffs is barred or should be reduced pursuant to A.R.S. § 12-

23

2505 and/or common law and applicable statutes because of the contributory negligence,

24

contributory fault, failure to mitigate damages and/or assumption of the risk by Plaintiffs.

25

### FIFTY-THIRD DEFENSE

26

Pursuant to A.R.S. § 12-2506(B), BHC alleges that a person or entity not a party

27

to this action was wholly or partially at fault in causing the alleged injuries and/or

28

damages for which Plaintiffs seek recovery.

1

### FIFTY-FOURTH DEFENSE

2

BHC denies making any express or implied warranties to Plaintiffs.   In the

3

alternative, BHC alleges that any and all warranties that may form a basis for Plaintiffs'

4

claims were adequately disclaimed.   In the alternative, Plaintiffs failed to give timely

5

notice of the breach of warranty claims, as required by Arizona law and specifically,

6

A.R.S. § 44-1521, *et seq.*, and Plaintiffs' claims are therefore barred.

7

### FIFTY-FIFTH DEFENSE

8

Plaintiffs' claims are barred as a matter of law by A.R.S. § 12-683.

9

### FIFTY-SIXTH DEFENSE

10

Plaintiffs' claims for punitive damages are barred by A.R.S. § 12-701(A).

11

### FIFTY-SEVENTH DEFENSE

12

Under no circumstances may BHC be held derivatively liable for an award of

13

punitive damages.

14

### FIFTY-EIGHTH DEFENSE

15

BHC adopts and incorporates by reference all defenses pleaded by other

16

defendants except to the extent that they are inconsistent with BHC's defenses pleaded in

17

this Answer.

18

WHEREFORE, BHC requests that Plaintiffs' Complaint be dismissed with

19

prejudice, that judgment be entered in favor of BHC and against Plaintiffs, and that BHC

20

be awarded the costs of this action, together with such other and further relief as may be

21

appropriate.

22

### JURY DEMAND

23

BHC hereby demands a trial by jury on all issues so triable.

24

Dated: March 11, 2008                    DRINKER BIDDLE & REATH LLP

25

26

/S/ Rodney M. Hudson
RODNEY M. HUDSON

27

Attorneys for Defendants
BAYER HEALTHCARE LLC

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28