1  RODNEY M. HUDSON (State Bar No. 189363)
   DRINKER BIDDLE & REATH LLP
2  50 Fremont Street, 20th Floor
   San Francisco, California  94105-2235
3  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
4
5  Attorneys for Defendants
   BAYER HEALTHCARE PHARMACEUTICALS INC.
6
7
8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  JOE V. SANCHEZ and SANDRA L. ROARTY-SANCHEZ,, | Case No. CV-08-0973 (EMC) |
| 12 | **ANSWER OF DEFENDANT BAYER** |
| 13             Plaintiffs, | **HEALTHCARE PHARMACEUTICALS INC.** |
| 14       v. | **(Pending Transfer to:  In re: Gadolinium** |
| 15  BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER | **Contrast Dyes Products Liability Litigation, MDL No. 1909, N.D. Ohio)** |
| 16  HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE | |
| 17  HEALTHCARE, INC.; TYCO INTERNATIONAL, INC.; COVIDIEN, | **[JURY TRIAL DEMANDED]** |
| 18  INC.; TYCO HEALTHCARE GROUP, LP; MALLINCKRODT, INC.; and BRACCO | |
| 19  DIAGNOSTICS, INC., | |
| 20             Defendants. | |

21

22          Defendant Bayer Healthcare Pharmaceuticals Inc. (hereinafter "BHCP") responds to

23  Plaintiffs' Complaint as follows:

24          1.      BHCP is without knowledge or information sufficient to form a belief as to

25  the truth of the allegations in the first sentence in paragraph 1 and the allegation that

26  Plaintiff has impaired kidney function.  BHCP admits, on information and belief, that the

27  symptoms of nephrogenic systemic fibrosis ("NSF"), formerly known as nephrogenic

28  fibrosing dermopathy, may include pain, that NSF may be fatal, and that currently, there

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

is no known cure for NSF, although various treatments have been employed with variable successes. BHCP admits that it marketed Magnevist® in the United States as safe for use with magnetic resonance imaging ("MRI") when administered to patients by physicians in accordance with the labeling and prescribing information approved by the United States Food and Drug Administration (the "FDA"). BHCP denies that it failed to provide appropriate warnings regarding Magnevist® and denies the remaining allegations in paragraph 1 to the extent that they relate to BHCP and/or to Magnevist®. The remaining allegations in paragraph 1 are directed to other defendants and therefore no response is required by BHCP. To the extent that a response is required, on information and belief, BHCP denies that at any relevant time Bayer HealthCare LLC ("BHC") manufactured, marketed or sold any gadolinium-based contrast agents. BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 state conclusions of law to which no response is required by BHCP. To the extent that a response is required, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except that BHCP denies that Plaintiffs are entitled to any relief from BHCP.

3.      BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except that BHCP denies that Plaintiffs are entitled to any relief from BHCP.

4.      BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      BHCP admits that it markets and sells the gadolinium-based contrast agent Magnevist® in the United States. BHCP denies that it manufactures Magnevist®. On information and belief, BHPC denies that at any relevant time BHC manufactured, marketed or sold Magnevist®. BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5. For a further

1    response, to the extent that the Complaint contains allegations directed to BHC by the use

2    of the terms "Bayer" or "Defendants" or otherwise, BHCP responds on behalf of itself

3    only and makes no response on behalf of BHC.

4        6.     BHCP admits that BHC is a limited liability company formed in Delaware

5    and that its principal place of business is located in New York.   BHCP denies any

6    remaining allegations in paragraph 6.

7        7.     BHCP admits that it is a Delaware corporation with its principal place of

8    business in New Jersey.  BHCP denies the remaining allegations in paragraph 7.

9        8.     BHCP admits that at various times it distributed, sold, marketed and

10    promoted Magnevist® in the United States.  BHCP denies that it designed or

11    manufactured Magnevist®.  On information and belief, BHPC denies that at any relevant

12    time BHC designed, manufactured, distributed, sold, marketed or promoted Magnevist®.

13    Because of the vagueness and ambiguity of the remaining allegations in paragraph 8,

14    BHCP is without knowledge or information sufficient to form a belief as to the truth of

15    those allegations.

16        9.     The allegations in paragraph 9 are directed to other defendants, and

17    therefore no response is required by BHCP.  To the extent that a response is required,

18    BHCP is without knowledge or information sufficient to form a belief as to the truth of

19    the allegations in paragraph 9.

20        10.    The allegations in paragraph 10 are directed to another defendant, and

21    therefore no response is required by BHCP.  To the extent that a response is required,

22    BHCP admits, on information and belief, that General Electric Company is a corporation

23    incorporated under the laws of the State of New York with its principal place of business

24    in Connecticut.  BHCP is without knowledge or information sufficient to form a belief as

25    to the truth of the remaining allegations in paragraph 10.

26        11.    The allegations in paragraph 11 are directed to another defendant, and

27    therefore no response is required by BHCP.  To the extent that a response is required,

28    BHCP admits, on information and belief, that GE Healthcare Inc. is a corporation

incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. The allegations in paragraph 12 are directed to other defendants, and therefore no response is required by BHCP. To the extent that a response is required, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. The allegations in paragraph 13 are directed to other defendants, and therefore no response is required by BHCP. To the extent that a response is required, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. The allegations in paragraph 14 are directed to another defendant, and therefore no response is required by BHCP. To the extent that a response is required, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. The allegations in paragraph 15 are directed to other defendants, and therefore no response is required by BHCP. To the extent that a response is required, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. The allegations in paragraph 16 are directed to other defendants, and therefore no response is required by BHCP. To the extent that a response is required, BHCP admits, on information and belief, that Mallinckrodt, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Missouri. BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. The allegations in paragraph 17 are directed to other defendants, and therefore no response is required by BHCP. To the extent that a response is required, BHCP is without knowledge or information sufficient to form a belief as to the truth of

1    the allegations in paragraph 17.

2        18.    The allegations in paragraph 18 are directed to another defendant, and

3    therefore no response is required by BHCP.  To the extent that a response is required,

4    BHCP is without knowledge or information sufficient to form a belief as to the truth of

5    the allegations in paragraph 18.

6        19.    The allegations in paragraph 19 are directed to another defendant, and

7    therefore no response is required by BHCP.  To the extent that a response is required,

8    BHCP admits, on information and belief, that Bracco Diagnostics, Inc. is a corporation

9    incorporated under the laws of the State of Delaware with its principal place of business

10   in New Jersey.  BHCP is without knowledge or information sufficient to form a belief as

11   to the truth of any remaining allegations in paragraph 19.

12       20.    The allegations in paragraph 20 are directed to another defendant, and

13   therefore no response is required by BHCP.  To the extent that a response is required,

14   BHCP is without knowledge or information sufficient to form a belief as to the truth of

15   the allegations in paragraph 20.

16       21.    BHCP admits that the Complaint refers to certain entities as "Defendants".

17   BHCP is without knowledge or information sufficient to form a belief as to the truth of

18   any remaining allegations in paragraph 21.

19       22.    BHCP is without knowledge or information sufficient to form a belief as to

20   the truth of the allegations in paragraph 22.

21       23.    BHCP admits, on information and belief, that NSF is characterized by

22   fibrosis of the skin and may involve fibrosis of other tissues throughout the body, that

23   symptoms of NSF may include discoloration, thickening, tightening and swelling of the

24   skin, that the symptoms of NSF may also include contractures around the joints that may

25   impair mobility, a burning or itching sensation, and pain, and that in some cases, the skin

26   may feel "woody".  BHCP further admits, on information and belief, that there have been

27   reports of NSF involving the lungs, heart, liver and muscles, that the clinical course of

28   NSF can be progressive and may be fatal, and that currently, there is no known cure for

1 NSF, although various treatments have been employed with variable successes.  BHCP

2 denies, on information and belief, the remaining or inconsistent allegations in paragraph

3 23.

4       24.    Because of the vagueness and ambiguity of the allegations in the first

5 sentence in paragraph 24, BHCP is without knowledge or information sufficient to form a

6 belief as to the truth of those allegations.  BHCP denies the remaining allegations in

7 paragraph 24.

8       25.    BHCP admits, on information and belief, that gadolinium is a heavy metal

9 and that it is not normally detected in the human body at the threshold levels of detection

10 typically employed.   Because of the vagueness and ambiguity of the remaining

11 allegations in the first and second sentences in paragraph 25, BHCP is without knowledge

12 or information sufficient to form a belief as to the truth of those allegations.  BHCP

13 denies the remaining allegations in paragraph 25.

14       26.    Because of the vagueness and ambiguity of the allegations in paragraph 26,

15 BHCP is without knowledge or information sufficient to form a belief as to the truth of

16 those allegations.

17       27.    BHCP admits that Magnevist® is cleared from the body through the

18 kidneys.  BHCP denies any allegation that Magnevist® is not safe for use with MRI

19 when administered to patients by physicians in accordance with the labeling and

20 prescribing information approved by the FDA.  Because of the vagueness and ambiguity

21 of the remaining allegations in the second and third sentences in paragraph 27, BHCP is

22 without knowledge or information sufficient to form a belief as to the truth of those

23 allegations.  BHCP denies the remaining allegations in paragraph 27.

24       28.    BHCP denies that it manufactured any gadolinium-based contrast agents,

25 and accordingly, BHCP denies the allegations in paragraph 28 to the extent that they

26 relate to BHCP.  The remaining allegations in paragraph 28 are directed to other

27 defendants, and therefore no response is required by BHCP.  To the extent that a response

28 is required, BHCP denies, on information and belief, that at any relevant time BHC

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

6

SF1\396765\2

ANSWER OF BAYER HEALTHCARE PHARMACEUTICALS, INC.                    CASE NO. CV-08-0973 (EMC)

1    manufactured any gadolinium-based contrast agents.  BHCP is without knowledge or

2    information sufficient to form a belief as to the truth of the remaining allegations in

3    paragraph 28.

4        29.    Because of the vagueness and ambiguity of the allegations in paragraph 29,

5    BHCP is without knowledge or information sufficient to form a belief as to the truth of

6    those allegations.

7        30.    Because of the vagueness and ambiguity of the allegations in paragraph 30,

8    BHCP is without knowledge or information sufficient to form a belief as to the truth of

9    those allegations.   For a further response, BHCP states that prior to 2006, no reported

10   studies suggested a possible association between gadolinium-based contrast agents and

11   NSF.

12       31.    BHCP is without knowledge or information sufficient to form a belief as to

13   the truth of the allegations in paragraph 31.

14       32.    BHCP is without knowledge or information sufficient to form a belief as to

15   the truth of the allegations in paragraph 32.

16       33.    BHCP denies the allegations in paragraph 33 to the extent that they relate to

17   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 33 are directed to

18   other defendants, and therefore no response is required by BHCP.  To the extent that a

19   response is required, BHCP denies, on information and belief, that at any relevant time

20   BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

21   without knowledge or information sufficient to form a belief as to the truth of the

22   remaining allegations in paragraph 33.

23       34.    BHCP denies the allegations in paragraph 34 to the extent that they relate to

24   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 34 are directed to

25   other defendants, and therefore no response is required by BHCP.  To the extent that a

26   response is required, BHCP denies, on information and belief, that at any relevant time

27   BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

28   without knowledge or information sufficient to form a belief as to the truth of the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

7

1   remaining allegations in paragraph 34.

2       35.    BHCP denies the allegations in paragraph 35 to the extent that they relate to

3   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 35 are directed to

4   other defendants, and therefore no response is required by BHCP.  To the extent that a

5   response is required, BHCP denies, on information and belief, that at any relevant time

6   BHC manufactured, marketed, distributed or sold any gadolinium-based contrast agents.

7   BHCP is without knowledge or information sufficient to form a belief as to the truth of

8   the remaining allegations in paragraph 35.

9       36.    BHCP denies the allegations in paragraph 36 to the extent that they relate to

10  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 36 are directed to

11  other defendants, and therefore no response is required by BHCP.  To the extent that a

12  response is required, BHCP denies, on information and belief, that at any relevant time

13  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

14  without knowledge or information sufficient to form a belief as to the truth of the

15  remaining allegations in paragraph 36.

16      37.    The allegations in paragraph 37 purport to describe a September 2007 letter

17  to healthcare professionals, which is in writing and speaks for itself.  To the extent that

18  Plaintiffs' allegations regarding the contents of that letter are inconsistent with the actual

19  language of the letter, BHCP denies those allegations.  For a further response, at all

20  relevant times, BHCP provided appropriate warnings regarding the risks associated with

21  the use of Magnevist®, including at various times the provision of information and

22  warnings on BHCP's website.  BHCP denies the remaining allegations in paragraph 37 to

23  the extent that they relate to BHCP.  The remaining allegations in paragraph 37 are

24  directed to other defendants, and therefore no response is required by BHCP.  To the

25  extent that a response is required, BHCP denies, on information and belief, that at any

26  relevant time BHC manufactured, marketed or sold any gadolinium-based contrast

27  agents.  BHCP is without knowledge or information sufficient to form a belief as to the

28  truth of the remaining allegations in paragraph 37.

38.     BHCP denies that it failed to provide appropriate warnings regarding Magnevist® and denies that BHCP had any duty to provide warnings directly to Plaintiff. BHCP denies the remaining allegations in paragraph 38 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 38 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.     BHCP denies the allegations in paragraph 39 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 39 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.

40.     BHCP denies the allegations in paragraph 40 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 40 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.     BHCP denies the allegations in paragraph 41 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 41 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

1  without knowledge or information sufficient to form a belief as to the truth of the

2  remaining allegations in paragraph 41.

3      42.    The allegations in paragraph 42 state conclusions of law to which no

4  response is required by BHCP.  To the extent that a response is required, BHCP denies

5  the allegations in paragraph 42 to the extent that they relate to BHCP and/or to

6  Magnevist®.  The remaining allegations in paragraph 42 are directed to other defendants,

7  and therefore no response is required by BHCP.  To the extent that a response is required,

8  BHCP denies, on information and belief, that at any relevant time BHC manufactured,

9  marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or

10  information sufficient to form a belief as to the truth of the remaining allegations in

11  paragraph 42.

12      43.    BHCP denies the allegations in paragraph 43 to the extent that they relate to

13  BHCP.  The remaining allegations in paragraph 43 are directed to other defendants, and

14  therefore no response is required by BHCP.  To the extent that a response is required,

15  BHCP denies, on information and belief, that at any relevant time BHC manufactured,

16  marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or

17  information sufficient to form a belief as to the truth of the remaining allegations in

18  paragraph 43.

19                          **FIRST CAUSE OF ACTION**

20      44.    BHCP incorporates by reference its responses to the preceding paragraphs

21  as if fully set forth herein.

22      45.    BHCP denies the allegations in paragraph 45 to the extent that they relate to

23  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 45 are directed to

24  other defendants, and therefore no response is required by BHCP.  To the extent that a

25  response is required, BHCP denies, on information and belief, that at any relevant time

26  BHC manufactured, marketed or sold any gadolinium-based contrast agents or any MRI

27  or MRA machines.  BHCP is without knowledge or information sufficient to form a

28  belief as to the truth of the remaining allegations in paragraph 45.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\396765\2        ANSWER OF BAYER HEALTHCARE PHARMACEUTICALS, INC.        CASE NO. CV-08-0973 (EMC)

46.    BHCP denies the allegations in paragraph 46 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 46 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, designed, sold, supplied or marketed any gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46.

## SECOND CAUSE OF ACTION

47.    BHCP incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

48.    BHCP admits that at various times it distributed, sold and supplied Magnevist® in the United States.  BHCP denies the remaining allegations in paragraph 48 to the extent that they relate to BHCP.  The remaining allegations in paragraph 48 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, designed, distributed, sold or supplied any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49.    BHCP denies the allegations in paragraph 49 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 49 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured or supplied any gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50.    BHCP denies the allegations in paragraph 50 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 50 are directed to

1   other defendants, and therefore no response is required by BHCP.  To the extent that a

2   response is required, BHCP denies, on information and belief, that at any relevant time

3   BHC manufactured, marketed or sold any gadolinium-based contrast agents or any MRI

4   or MRA machines.  BHCP is without knowledge or information sufficient to form a

5   belief as to the truth of the remaining allegations in paragraph 50.

6       51.     BHCP denies the allegations in paragraph 51 to the extent that they relate to

7   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 51 are directed to

8   other defendants, and therefore no response is required by BHCP.  To the extent that a

9   response is required, BHCP denies, on information and belief, that at any relevant time

10  BHC manufactured, designed, sold, supplied or marketed any gadolinium-based contrast

11  agents.  BHCP is without knowledge or information sufficient to form a belief as to the

12  truth of the remaining allegations in paragraph 51.

13                          **THIRD CAUSE OF ACTION**

14      52.     BHCP incorporates by reference its responses to the preceding paragraphs

15  as if fully set forth herein.

16      53.     BHCP admits that it marketed Magnevist® in the United States as safe for

17  use with MRI when administered to patients by physicians in accordance with the

18  labeling and prescribing information approved by the FDA.  BHCP denies that it directly

19  marketed Magnevist® to consumers.  BHCP denies the remaining allegations in

20  paragraph 53 to the extent that they relate to BHCP.  The remaining allegations in

21  paragraph 53 are directed to other defendants, and therefore no response is required by

22  BHCP.  To the extent that a response is required, BHCP denies, on information and

23  belief, that at any relevant time BHC manufactured, marketed, sold or tested any

24  gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient

25  to form a belief as to the truth of the remaining allegations in paragraph 53.

26      54.     BHCP denies that it failed to adequately test or to provide adequate

27  disclosures regarding Magnevist®, and BHCP denies the remaining allegations in

28  paragraph 54 to the extent that they relate to BHCP.  The remaining allegations in

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

12

1   paragraph 54 are directed to other defendants, and therefore no response is required by

2   BHCP.  To the extent that a response is required, BHCP denies, on information and

3   belief, that at any relevant time BHC manufactured, marketed, sold or tested any

4   gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient

5   to form a belief as to the truth of the remaining allegations in paragraph 54.

6          55.      BHCP denies the allegations in paragraph 55 to the extent that they relate to

7   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 55 are directed to

8   other defendants, and therefore no response is required by BHCP.  To the extent that a

9   response is required, BHCP denies, on information and belief, that at any relevant time

10  BHC tested, manufactured, designed, sold, supplied or marketed any gadolinium-based

11  contrast agents.  BHCP is without knowledge or information sufficient to form a belief as

12  to the truth of the remaining allegations in paragraph 55.

13                            **FOURTH CAUSE OF ACTION**

14         56.      BHCP incorporates by reference its responses to the preceding paragraphs

15  as if fully set forth herein.

16         57.      The allegations in paragraph 57 state conclusions of law to which no

17  response is required by BHCP.  To the extent that a response is required, BHCP denies

18  that BHCP breached any applicable duty of care, as alleged in the Complaint, and BHCP

19  denies that Magnevist® posed an unreasonable risk of bodily harm and adverse events.

20  Because of the vagueness and ambiguity of the remaining allegations in paragraph 57 to

21  the extent that they relate to BHCP, BHCP is without knowledge or information

22  sufficient to form a belief as to the truth of those allegations.  The remaining allegations

23  in paragraph 57 are directed to other defendants, and therefore no response is required by

24  BHCP.  To the extent that a response is required, BHCP denies, on information and

25  belief, that at any relevant time BHC designed, tested, manufactured, labeled, marketed,

26  sold or distributed any gadolinium-based contrast agents or any MRI or MRA machines.

27  BHCP is without knowledge or information sufficient to form a belief as to the truth of

28  the remaining allegations in paragraph 57.

58.    The allegations in paragraph 58 state conclusions of law to which no response is required by BHCP.  To the extent that a response is required, BHCP denies the allegations in paragraph 58 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 58 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC designed, manufactured, sold, tested, marketed or distributed any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59.    The allegations in paragraph 59 state conclusions of law to which no response is required by BHCP.  To the extent that a response is required, BHCP denies the allegations in paragraph 59 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 59 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed, sold or labeled any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59.

60.    The allegations in paragraph 60 state conclusions of law to which no response is required by BHCP.  To the extent that a response is required, BHCP denies the allegations in paragraph 60 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 60 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured or marketed any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60.

61.    BHCP denies the allegations in paragraph 61 to the extent that they relate to

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

BHCP and/or to Magnevist®.  The remaining allegations in paragraph 61 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.    BHCP denies the allegations in paragraph 62 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 62 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62.

63.    BHCP denies the allegations in paragraph 63 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 63 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents or any MRI or MRA machines.  BHCP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63.

## FIFTH CAUSE OF ACTION

64.    BHCP incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

65.    BHCP denies the allegations in paragraph 65 to the extent that they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 65 are directed to other defendants, and therefore no response is required by BHCP.  To the extent that a response is required, BHCP denies, on information and belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\396765\2    ANSWER OF BAYER HEALTHCARE PHARMACEUTICALS, INC.    CASE NO. CV-08-0973 (EMC)

1   without knowledge or information sufficient to form a belief as to the truth of the

2   remaining allegations in paragraph 65.

3       66.    BHCP admits that it marketed Magnevist® in the United States as safe for

4   use with MRI when administered to patients by physicians in accordance with the

5   labeling and prescribing information approved by the FDA.   BHCP denies the remaining

6   allegations in paragraph 66 to the extent that they relate to BHCP.  The remaining

7   allegations in paragraph 66 are directed to other defendants, and therefore no response is

8   required by BHCP.  To the extent that a response is required, BHCP denies, on

9   information and belief, that at any relevant time BHC manufactured, marketed or sold

10  any gadolinium-based contrast agents.  BHCP is without knowledge or information

11  sufficient to form a belief as to the truth of the remaining allegations in paragraph 66.

12      67.    The allegations in paragraph 67 state conclusions of law to which no

13  response is required by BHCP.  To the extent that a response is required, BHCP denies

14  the allegations in paragraph 67 to the extent that they relate to BHCP.  The remaining

15  allegations in paragraph 67 are directed to other defendants, and therefore no response is

16  required by BHCP.  To the extent that a response is required, BHCP denies, on

17  information and belief, that at any relevant time BHC manufactured, marketed or sold

18  any gadolinium-based contrast agents.  BHCP is without knowledge or information

19  sufficient to form a belief as to the truth of the remaining allegations in paragraph 67.

20      68.    BHCP denies the allegations in paragraph 68 to the extent that they relate to

21  BHCP.  The remaining allegations in paragraph 68 are directed to other defendants, and

22  therefore no response is required by BHCP.  To the extent that a response is required,

23  BHCP denies, on information and belief, that at any relevant time BHC manufactured,

24  marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or

25  information sufficient to form a belief as to the truth of the remaining allegations in

26  paragraph 68.

27      69.    BHCP denies the allegations in paragraph 69 to the extent that they relate to

28  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 69 are directed to

1    other defendants, and therefore no response is required by BHCP.  To the extent that a

2    response is required, BHCP denies, on information and belief, that at any relevant time

3    BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

4    without knowledge or information sufficient to form a belief as to the truth of the

5    remaining allegations in paragraph 69.

6                                  **SIXTH CAUSE OF ACTION**

7              70.    BHCP incorporates by reference its responses to the preceding paragraphs

8    as if fully set forth herein.

9              71.    BHCP admits that it marketed Magnevist® in the United States as safe for

10   use with MRI when administered to patients by physicians in accordance with the

11   labeling and prescribing information approved by the FDA.  BHCP further admits that it

12   provided appropriate warnings regarding the risks associated with the use of Magnevist®.

13   BHCP denies that it directly marketed Magnevist® to consumers.  BHCP denies the

14   remaining allegations in paragraph 71 to the extent that they relate to BHCP and/or to

15   Magnevist®.  The remaining allegations in paragraph 71 are directed to other defendants,

16   and therefore no response is required by BHCP.  To the extent that a response is required,

17   BHCP denies, on information and belief, that at any relevant time BHC manufactured,

18   marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or

19   information sufficient to form a belief as to the truth of the remaining allegations in

20   paragraph 71.

21             72.    BHCP denies the allegations in paragraph 72 to the extent that they relate to

22   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 72 are directed to

23   other defendants, and therefore no response is required by BHCP.  To the extent that a

24   response is required, BHCP denies, on information and belief, that at any relevant time

25   BHC manufactured, marketed, sold, labeled or promoted any gadolinium-based contrast

26   agents.  BHCP is without knowledge or information sufficient to form a belief as to the

27   truth of the remaining allegations in paragraph 72.

28             73.    BHCP denies the allegations in paragraph 73 to the extent that they relate to

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

1  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 73 are directed to

2  other defendants, and therefore no response is required by BHCP.  To the extent that a

3  response is required, BHCP denies, on information and belief, that at any relevant time

4  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

5  without knowledge or information sufficient to form a belief as to the truth of the

6  remaining allegations in paragraph 73.

7       74.    BHCP admits that it marketed Magnevist® in the United States as safe for

8  use with MRI when administered to patients by physicians in accordance with the

9  labeling and prescribing information approved by the FDA.  BHCP denies the remaining

10  allegations in paragraph 74 to the extent that they relate to BHCP and/or to Magnevist®.

11  The remaining allegations in paragraph 74 are directed to other defendants, and therefore

12  no response is required by BHCP.  To the extent that a response is required, BHCP

13  denies, on information and belief, that at any relevant time BHC manufactured, marketed,

14  sold, labeled or promoted any gadolinium-based contrast agents.  BHCP is without

15  knowledge or information sufficient to form a belief as to the truth of the remaining

16  allegations in paragraph 74.

17       75.    BHCP denies the allegations in paragraph 75 to the extent that they relate to

18  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 75 are directed to

19  other defendants, and therefore no response is required by BHCP.  To the extent that a

20  response is required, BHCP denies, on information and belief, that at any relevant time

21  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

22  without knowledge or information sufficient to form a belief as to the truth of the

23  remaining allegations in paragraph 75.

24       76.    The allegations in paragraph 76 state conclusions of law to which no

25  response is required by BHCP.  To the extent that a response is required, BHCP denies

26  the allegations in paragraph 76 to the extent that they relate to BHCP and/or to

27  Magnevist®.  The remaining allegations in paragraph 76 are directed to other defendants,

28  and therefore no response is required by BHCP.  To the extent that a response is required,

1  BHCP denies, on information and belief, that at any relevant time BHC manufactured,

2  marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or

3  information sufficient to form a belief as to the truth of the remaining allegations in

4  paragraph 76.

5       77.    The allegations in paragraph 77 state conclusions of law to which no

6  response is required by BHCP.  To the extent that a response is required, BHCP denies

7  the allegations in paragraph 77 to the extent that they relate to BHCP, except that BHCP

8  is without knowledge or information sufficient to form a belief as to the truth of the

9  allegations regarding what Plaintiff's healthcare providers relied upon.  The remaining

10  allegations in paragraph 77 are directed to other defendants, and therefore no response is

11  required by BHCP.  To the extent that a response is required, BHCP denies, on

12  information and belief, that at any relevant time BHC manufactured, marketed, sold,

13  labeled or promoted any gadolinium-based contrast agents.  BHCP is without knowledge

14  or information sufficient to form a belief as to the truth of the remaining allegations in

15  paragraph 77.

16       78.    BHCP denies the allegations in paragraph 78 to the extent that they relate to

17  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 78 are directed to

18  other defendants, and therefore no response is required by BHCP.  To the extent that a

19  response is required, BHCP denies, on information and belief, that at any relevant time

20  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

21  without knowledge or information sufficient to form a belief as to the truth of the

22  remaining allegations in paragraph 78.

23       79.    BHCP denies the allegations in paragraph 79 to the extent that they relate to

24  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 79 are directed to

25  other defendants, and therefore no response is required by BHCP.  To the extent that a

26  response is required, BHCP denies, on information and belief, that at any relevant time

27  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

28  without knowledge or information sufficient to form a belief as to the truth of the

1  remaining allegations in paragraph 79.

2       80.    BHCP denies the allegations in paragraph 80 to the extent that they relate to

3  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 80 are directed to

4  other defendants, and therefore no response is required by BHCP.  To the extent that a

5  response is required, BHCP denies, on information and belief, that at any relevant time

6  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

7  without knowledge or information sufficient to form a belief as to the truth of the

8  remaining allegations in paragraph 80.

9  **<u>SEVENTH CAUSE OF ACTION</u>**

10       81.    BHCP incorporates by reference its responses to the preceding paragraphs

11  as if fully set forth herein.

12       82.    BHCP denies the allegations in paragraph 82 to the extent that they relate to

13  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 82 are directed to

14  other defendants, and therefore no response is required by BHCP.  To the extent that a

15  response is required, BHCP denies, on information and belief, that at any relevant time

16  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

17  without knowledge or information sufficient to form a belief as to the truth of the

18  remaining allegations in paragraph 82.

19       83.    BHCP denies the allegations in paragraph 83 to the extent that they relate to

20  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 83 are directed to

21  other defendants, and therefore no response is required by BHCP.  To the extent that a

22  response is required, BHCP denies, on information and belief, that at any relevant time

23  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

24  without knowledge or information sufficient to form a belief as to the truth of the

25  remaining allegations in paragraph 83.

26       84.    BHCP denies the allegations in paragraph 84 to the extent that they relate to

27  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 84 are directed to

28  other defendants, and therefore no response is required by BHCP.  To the extent that a

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

20

1    response is required, BHCP denies, on information and belief, that at any relevant time

2    BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

3    without knowledge or information sufficient to form a belief as to the truth of the

4    remaining allegations in paragraph 84.

5    **EIGHTH CAUSE OF ACTION**

6    85.    BHCP incorporates by reference its responses to the preceding paragraphs

7    as if fully set forth herein.

8    86.    The allegations in paragraph 86 state conclusions of law to which no

9    response is required by BHCP.  To the extent that a response is required, BHCP admits

10   that it marketed Magnevist® in the United States as safe and effective for use with MRI

11   when administered to patients by physicians in accordance with the labeling and

12   prescribing information approved by the FDA.   BHCP denies the remaining allegations

13   in paragraph 86 to the extent that they relate to BHCP.  The remaining allegations in

14   paragraph 86 are directed to other defendants, and therefore no response is required by

15   BHCP.  To the extent that a response is required, BHCP denies, on information and

16   belief, that at any relevant time BHC manufactured, marketed or sold any gadolinium-

17   based contrast agents.  BHCP is without knowledge or information sufficient to form a

18   belief as to the truth of the remaining allegations in paragraph 86.

19   87.    BHCP denies the allegations in paragraph 87 to the extent that they relate to

20   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 87 are directed to

21   other defendants, and therefore no response is required by BHCP.  To the extent that a

22   response is required, BHCP denies, on information and belief, that at any relevant time

23   BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

24   without knowledge or information sufficient to form a belief as to the truth of the

25   remaining allegations in paragraph 87.

26   88.    BHCP denies the allegations in paragraph 88 to the extent that they relate to

27   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 88 are directed to

28   other defendants, and therefore no response is required by BHCP.  To the extent that a

1    response is required, BHCP denies, on information and belief, that at any relevant time

2    BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

3    without knowledge or information sufficient to form a belief as to the truth of the

4    remaining allegations in paragraph 88.

5                            **NINTH CAUSE OF ACTION**

6          89.    BHCP incorporates by reference its responses to the preceding paragraphs

7    as if fully set forth herein.

8          90.    The allegations in paragraph 90 state conclusions of law to which no

9    response is required by BHCP.  To the extent that a response is required, BHCP admits

10   that it marketed Magnevist® in the United States as safe and fit for use with MRI when

11   administered to patients by physicians in accordance with the labeling and prescribing

12   information approved by the FDA.   BHCP denies the remaining allegations in paragraph

13   90 to the extent that they relate to BHCP.  The remaining allegations in paragraph 90 are

14   directed to other defendants, and therefore no response is required by BHCP.  To the

15   extent that a response is required, BHCP denies, on information and belief, that at any

16   relevant time BHC designed, manufactured, marketed, sold or distributed any

17   gadolinium-based contrast agents.  BHCP is without knowledge or information sufficient

18   to form a belief as to the truth of the remaining allegations in paragraph 90.

19         91.    BHCP denies the allegations in paragraph 91 to the extent that they relate to

20   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 91 are directed to

21   other defendants, and therefore no response is required by BHCP.  To the extent that a

22   response is required, BHCP denies, on information and belief, that at any relevant time

23   BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

24   without knowledge or information sufficient to form a belief as to the truth of the

25   remaining allegations in paragraph 91.

26         92.    BHCP denies the allegations in paragraph 92 to the extent that they relate to

27   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 92 are directed to

28   other defendants, and therefore no response is required by BHCP.  To the extent that a

1   response is required, BHCP denies, on information and belief, that at any relevant time

2   BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

3   without knowledge or information sufficient to form a belief as to the truth of the

4   remaining allegations in paragraph 92.

5          93.    BHCP denies the allegations in paragraph 93 to the extent that they relate to

6   BHCP and/or to Magnevist®.  The remaining allegations in paragraph 93 are directed to

7   other defendants, and therefore no response is required by BHCP.  To the extent that a

8   response is required, BHCP denies, on information and belief, that at any relevant time

9   BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

10  without knowledge or information sufficient to form a belief as to the truth of the

11  remaining allegations in paragraph 93.

12                          **TENTH CAUSE OF ACTION**

13         94.    BHCP incorporates by reference its responses to the preceding paragraphs

14  as if fully set forth herein.

15         95.    The allegations in paragraph 95 state conclusions of law to which no

16  response is required by BHCP.  To the extent that a response is required, BHCP denies

17  the allegations in paragraph 95, including subparagraphs a. through g., to the extent that

18  they relate to BHCP and/or to Magnevist®.  The remaining allegations in paragraph 95

19  are directed to other defendants, and therefore no response is required by BHCP.  To the

20  extent that a response is required, BHCP denies, on information and belief, that at any

21  relevant time BHC manufactured, marketed or sold any gadolinium-based contrast

22  agents.  BHCP is without knowledge or information sufficient to form a belief as to the

23  truth of the remaining allegations in paragraph 95.

24         96.    BHCP denies the allegations in paragraph 96 to the extent that they relate to

25  BHCP and/or to Magnevist®.  The remaining allegations in paragraph 96 are directed to

26  other defendants, and therefore no response is required by BHCP.  To the extent that a

27  response is required, BHCP denies, on information and belief, that at any relevant time

28  BHC manufactured, marketed or sold any gadolinium-based contrast agents.  BHCP is

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

23

SF1\396765\2    ANSWER OF BAYER HEALTHCARE PHARMACEUTICALS, INC.         CASE NO. CV-08-0973 (EMC)

1    without knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations in paragraph 96.

3                          **ELEVENTH CAUSE OF ACTION**

4          97.    BHCP incorporates by reference its responses to the preceding paragraphs

5    as if fully set forth herein.

6          98.    BHCP is without knowledge or information sufficient to form a belief as to

7    the truth of the allegations in paragraph 98.

8          99.    BHCP denies the allegations in paragraph 99 to the extent that they relate to

9    BHCP.  The remaining allegations in paragraph 99 are directed to other defendants, and

10   therefore no response is required by BHCP.  To the extent that a response is required,

11   BHCP denies, on information and belief, that at any relevant time BHC manufactured,

12   marketed or sold any gadolinium-based contrast agents.  BHCP is without knowledge or

13   information sufficient to form a belief as to the truth of the remaining allegations in

14   paragraph 99.

15         100.   BHCP denies that Plaintiffs are entitled to any relief this action, including

16   but not limited to the specific items of relief requested by Plaintiffs in the Complaint.

17         101.   BHCP denies each and every allegation in the Complaint that relates to or

18   is directed to BHCP unless such allegations are expressly admitted in this Answer.

19                                 **DEFENSES**

20         Discovery and investigation may reveal that one or more of the following defenses

21   should be available to BHCP in this matter.  BHCP accordingly preserves the right to

22   assert these separate and additional defenses.  Upon completion of discovery, if the facts

23   warrant, BHCP may withdraw any of these additional defenses as may be appropriate.

24   BHCP further reserves the right to amend its Answer and defenses, and to assert

25   additional defenses and other claims, as discovery proceeds.

26         In setting forth the following separate and additional defenses, BHCP does not

27   concede that it bears the burden of proof or persuasion as to any of them.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\396765\2    ANSWER OF BAYER HEALTHCARE PHARMACEUTICALS, INC.    CASE NO. CV-08-0973 (EMC)

1

**FIRST DEFENSE**

2  Plaintiffs' Complaint, and each and every count contained therein, fails to state a

3 cause of action or claim upon which relief can be granted against BHCP.

4

**SECOND DEFENSE**

5  Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable

6 statutes of limitations and/or statutes of repose.

7

**THIRD DEFENSE**

8  Plaintiffs' claims against BHCP are barred, in whole or in part, by laches, waiver

9 and/or estoppel.

10

**FOURTH DEFENSE**

11  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate

12 Plaintiffs' alleged damages.

13

**FIFTH DEFENSE**

14  The acts and omissions of Plaintiffs caused and/or contributed to the alleged

15 damages, thereby barring or reducing the amount of recovery under the doctrines of

16 contributory negligence and/or comparative negligence.  Plaintiffs' recovery, if any,

17 therefore is barred or should be apportioned in accordance with applicable law.

18

**SIXTH DEFENSE**

19  The alleged injuries sustained by Plaintiffs, if any, were caused, in whole or in

20 part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP

21 has no legal responsibility.

22

**SEVENTH DEFENSE**

23  If Plaintiffs suffered injuries as alleged in the Complaint, which is expressly

24 denied, such injuries arose from, and were caused by, risks, hazards, and dangers

25 knowingly assumed by Plaintiffs.  Plaintiffs' recovery accordingly is barred or should be

26 reduced by Plaintiffs' assumption of the risk.

27

**EIGHTH DEFENSE**

28  The injuries and damages claimed by Plaintiffs, if any, resulted from an

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

25

1    intervening or superseding cause and/or causes, and any act or omission on the part of

2    BHCP was not the proximate and/or competent producing cause of such alleged injuries

3    and damages.

### NINTH DEFENSE

4

5    The injuries and damages claimed by Plaintiffs, if any, are barred or must be

6    reduced because those damages arose from the acts or omissions of persons or entities

7    other than BHCP.

### TENTH DEFENSE

8

9    If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is

10   expressly denied, said injuries or expenses were caused by the unforeseeable alteration,

11   improper handling, or other unforeseeable misuse of the prescription drug Magnevist®.

12   Plaintiffs' recovery is accordingly barred.

### ELEVENTH DEFENSE

13

14   The alleged injuries and damages, if any, were the result of unavoidable

15   circumstances that could not have been prevented by any person, including BHCP.

### TWELFTH DEFENSE

16

17   The claims in the Complaint against BHCP are barred in whole or in part by the

18   learned intermediary doctrine.  Magnevist® is a prescription pharmaceutical which was

19   available only upon the prescription of a licensed physician and is indicated for use by

20   physicians for only certain purposes.  Any warnings that BHCP gave were transmitted to

21   prescribing physicians and/or healthcare providers.  Under applicable law, the only

22   obligation of BHCP is to warn the prescribing physician and/or healthcare providers, and

23   that obligation was fulfilled.

### THIRTEENTH DEFENSE

24

25   Plaintiffs' Complaint fails to state a claim upon which relief can be granted against

26   BHCP in that the methods, standards, and techniques utilized with respect to the design,

27   manufacture, marketing and sale of Magnevist®, including but not limited to adequate

28   warnings and instructions with respect to the product's use included in the product's

package insert and other literature, conformed to the applicable state of the art.  The product in question, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available to BHCP at the time of its design, testing, manufacture, distribution, marketing and sale.  Plaintiffs' recovery accordingly is barred.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Magnevist® was neither defective nor unreasonably dangerous in its design, manufacture or marketing and was reasonably safe and reasonably fit for its intended use, thereby barring Plaintiffs' recovery.  The warnings and instructions accompanying Magnevist® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

## SIXTEENTH DEFENSE

The prescription drug Magnevist® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.  Plaintiffs' recovery is accordingly barred.

## SEVENTEENTH DEFENSE

Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the commercial speech relating to Magnevist® was not false or misleading and is protected under the First Amendment of the United States Constitution and the applicable state constitution.

### NINETEENTH DEFENSE

Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

### TWENTIETH DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by reason of the FDA's preamble to the *Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products*, 71 Fed. Reg. 3922 (Jan. 24, 2006).

### TWENTY-SECOND DEFENSE

Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

### TWENTY-THIRD DEFENSE

This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

### TWENTY-FOURTH DEFENSE

Plaintiffs did not detrimentally rely on any labeling, warnings or information concerning Magnevist®.

### TWENTY-FIFTH DEFENSE

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

1 | **TWENTY-SIXTH DEFENSE**

2 |     To the extent that Plaintiffs are seeking recovery for benefits entitled to be

3 | received or actually received from any other source for injuries alleged in the Complaint,

4 | such benefits are not recoverable in this action under applicable law.

5 | **TWENTY-SEVENTH DEFENSE**

6 |     To the extent that Plaintiffs have settled or will in the future settle with any person

7 | or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if

8 | any, should be reduced accordingly.

9 | **TWENTY-EIGHTH DEFENSE**

10 |     Plaintiffs' Complaint fails to state a claim against BHCP upon which relief can be

11 | granted as to costs, attorneys' fees, expenses, pre-judgment interest, post-judgment

12 | interest or estoppel.

13 | **TWENTY-NINTH DEFENSE**

14 |     Plaintiffs' Complaint fails to join indispensable parties necessary for the just

15 | adjudication of this matter.

16 | **THIRTIETH DEFENSE**

17 |     Plaintiffs' Complaint fails to state a claim against BHCP upon which relief can be

18 | granted for several or joint and several liability.

19 | **THIRTY-FIRST DEFENSE**

20 |     Plaintiffs' claims for breach of warranty are barred because Plaintiffs failed to give

21 | timely notice of any alleged breach of warranty.

22 | **THIRTY-SECOND DEFENSE**

23 |     BHCP did not sell or distribute Magnevist® directly to Plaintiffs, and Plaintiffs

24 | did not receive or rely upon any representations or warranties as alleged in the

25 | Complaint. Plaintiffs' claims for breach of warranty are barred by lack of privity

26 | between Plaintiffs and BHCP.

27 | **THIRTY-THIRD DEFENSE**

28 |     Plaintiffs' claims for breach of warranty, express or implied, are barred by the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

29

1  applicable state's Uniform Commercial Code or other applicable law.

### THIRTY-FOURTH DEFENSE

3  Plaintiffs' Complaint fails to state a claim for fraud, statutory fraud, misrepresentation, omission, suppression and/or concealment, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure.

### THIRTY-FIFTH DEFENSE

8  Plaintiffs' Complaint fails to state a claim against BHCP upon which relief can be granted for punitive or exemplary damages.

### THIRTY-SIXTH DEFENSE

11  BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiffs have produced evidence sufficient to support or sustain the imposition of punitive damages against BHCP pursuant to the applicable standard(s) of proof.

### THIRTY-SEVENTH DEFENSE

16  Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States, California and Arizona Constitutions and any other applicable state Constitutions.

### THIRTY-EIGHTH DEFENSE

24  Plaintiffs cannot recover punitive or exemplary damages against BHCP because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any other applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and

Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105
SF1\396765\2
ANSWER OF BAYER HEALTHCARE PHARMACEUTICALS, INC.    CASE NO. CV-08-0973 (EMC)

1  disclosure of incriminating documents and the right to the requirement of a level of proof

2  beyond a reasonable doubt.

### THIRTY-NINTH DEFENSE

4  Any imposition of punitive or exemplary damages in this case against BHCP

5  would contravene the Commerce Clause of the United States Constitution, in that such an

6  award would constitute, if imposed, an undue and unreasonable burden on interstate

7  commerce.

### FORTIETH DEFENSE

9  With respect to Plaintiffs' demand for punitive or exemplary damages, BHCP

10  specifically incorporates by reference any and all standards or limitations regarding the

11  determination and enforceability of punitive or exemplary damages awards under

12  applicable state law.

### FORTY-FIRST DEFENSE

14  Any award of punitive or exemplary damages against BHCP is barred to the extent

15  that it is inconsistent with the standards and limitations set forth in *BMW of North*

16  *America, Inc. v. Gore,* 517 U.S. 559, 134 L. Ed. 2d 809, 116 S. Ct. 1589 (1996), *State*

17  *Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip*

18  *Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### FORTY-SECOND DEFENSE

20  No act or omission of BHCP was vile, base, willful, malicious, wanton, oppressive

21  or fraudulent, or done with a conscious disregard for the health, safety, and rights of

22  Plaintiffs and others, or for the primary purpose of increasing profits.  Nor was any act or

23  omission of BHCP done with actual malice, fraud or oppression as defined in California

24  Civil Code section 3294, or with actual malicious or gross negligence that evidences a

25  willful, wanton, or reckless disregard for the safety of others, or an evil mind, and BHCP

26  did not commit actual fraud.  Therefore, Plaintiffs' Complaint fails to state a claim upon

27  which relief can be granted for punitive or exemplary damages.  Plaintiffs' Complaint

28  seeks damages in excess of those permitted by law.  BHCP asserts any statutory or

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

31

1  judicial protection from punitive or exemplary damages that is available under the

2  applicable law, and any award of punitive or exemplary damages is barred.

### FORTY-THIRD DEFENSE

4  Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Arizona

5  consumer protection statute because BHCP completely complied with the applicable law

6  in connection with the marketing and sale of Magnevist®.

### FORTY-FOURTH DEFENSE

8  Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising or

9  for deceptive business practices under the Arizona consumer protection statute because

10  BHCP's labeling and advertising for Magnevist® was not misleading, unfair or

11  deceptive.

### FORTY-FIFTH DEFENSE

13  Plaintiffs' claims are barred in whole or in part because the Arizona consumer

14  protection statute is insufficiently definite to provide adequate or fair notice of the

15  conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth

16  Amendments to the United States Constitution and the due process protections of the

17  applicable state constitution.

### FORTY-SIXTH DEFENSE

19  Plaintiffs' claims are barred in whole or in part because Arizona consumer

20  protection statute unconstitutionally burdens interstate business practices relating to

21  prescription drugs, which are heavily regulated by the FDA.

### FORTY-SEVENTH DEFENSE

23  Venue is improper.

### FORTY-EIGHTH DEFENSE

25  This Court is not the proper forum and is not a convenient forum for the just

26  adjudication of Plaintiffs' claims.

### FORTY-NINTH DEFENSE

28  The injuries claimed by Plaintiffs, if any, were the result of an idiosyncratic

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

32

1  reaction to the product.

2  **FIFTEENTH DEFENSE**

3  Upon information and belief, Plaintiffs consented to the alleged wrongful conduct

4  at issue, which bars Plaintiffs' claims in whole or in part.

5  **FIFTY-FIRST DEFENSE**

6  To the extent that California law is applicable to Plaintiffs' claims, Plaintiffs' non-

7  economic loss must be allocated in accordance with the provision of California Civil

8  Code Section 1431.1 ("Proposition 51").

9  **FIFTY-SECOND DEFENSE**

10  To the extent that Arizona law is applicable to Plaintiffs' claims, Plaintiffs'

11  Complaint fails to state a claim upon which relief can be granted for several or joint and

12  several liability and any recovery should be apportioned pursuant to the Uniform

13  Contribution Among Tortfeasors Act, A.R.S. § 12-2501, *et seq.*

14  **FIFTY-THIRD DEFENSE**

15  Any recovery by Plaintiffs is barred or should be reduced pursuant to A.R.S. § 12-

16  2505 and/or common law and applicable statutes because of the contributory negligence,

17  contributory fault, failure to mitigate damages and/or assumption of the risk by Plaintiffs.

18  **FIFTY-FOURTH DEFENSE**

19  Pursuant to A.R.S. § 12-2506(B), BHCP alleges that a person or entity not a party

20  to this action was wholly or partially at fault in causing the alleged injuries and/or

21  damages for which Plaintiffs seek recovery.

22  **FIFTY-FIFTH DEFENSE**

23  BHCP denies making any express or implied warranties to Plaintiffs.   In the

24  alternative, BHCP alleges that any and all warranties that may form a basis for Plaintiffs'

25  claims were adequately disclaimed.   In the alternative, Plaintiffs failed to give timely

26  notice of the breach of warranty claims, as required by Arizona law and specifically,

27  A.R.S. § 44-1521, *et seq.*, and Plaintiffs' claims are therefore barred.

28

1

## FIFTY-SIXTH DEFENSE

2   Plaintiffs' claims are barred as a matter of law by A.R.S. § 12-683.

3

## FIFTY-SEVENTH DEFENSE

4   Plaintiffs' claims for punitive damages are barred by A.R.S. § 12-701(A).

5

## FIFTY-EIGHTH DEFENSE

6   Under no circumstances may BHCP be held derivatively liable for an award of

7   punitive damages.

8

## FIFTY-NINTH DEFENSE

9   BHCP adopts and incorporates by reference all defenses pleaded by other

10  defendants except to the extent that they are inconsistent with BHCP's defenses pleaded

11  in this Answer.

12  WHEREFORE, BHCP requests that Plaintiffs' Complaint be dismissed

13  with prejudice, that judgment be entered in favor of BHCP and against Plaintiffs, and that

14  BHCP be awarded the costs of this action, together with such other and further relief as

15  may be appropriate.

16

## JURY DEMAND

17  BHCP hereby demands a trial by jury on all issues so triable.

18

19  Dated: March 11, 2008                      DRINKER BIDDLE & REATH LLP

20

21                                             /S/ Rodney M. Hudson
                                               RODNEY M. HUDSON

22                                             Attorneys for Defendant
                                               BAYER HEALTHCARE
23                                             PHARMACEUTICALS INC.

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

34