1  Deborah C. Prosser (SBN 109856)
   Stephanie A. Hingle (SBN 199396)
2  KUTAK ROCK LLP
   515 So. Figueroa Boulevard, Suite 1240
3  Los Angeles, CA 90071
   Telephone:  (213) 312-4000
4  Facsimile:   (213) 312-4001
   Email:  Deborah.Prosser@KutakRock.com
5  Email:  Stephanie.Hingle@KutakRock.com

6  Attorneys for Defendants
   GENERAL ELECTRIC COMPANY and
7  GE HEALTHCARE INC.

8

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

11

12 JOE V. SANCHEZ and SANDRA L.        Case No.  3:08-CV-00973 EMC
   ROARTY-SANCHEZ,
13                                     DEFENDANTS GENERAL
             Plaintiffs,               ELECTRIC COMPANY AND GE
14                                     HEALTHCARE INC.'S
        v.                             APPLICATION TO STAY ALL
15                                     PROCEEDINGS PENDING
                                       TRANSFER TO MDL
16 BAYER HEALTHCARE
   PHARMACEUTICALS, INC.;              [Jury Trial Demanded]
17 BAYER HEALTHCARE LLC;
   GENERAL ELECTRIC                    Reserved Hearing:
18 COMPANY; GE HEALTHCARE,
   INC.; TYCO INTERNATIONAL,           Date:     April 30, 2008
19 INC.; COVIDIEN, INC.; TYCO          Time:     10:30 a.m.
   HEALTHCARE GROUP, LP;
20 MALLINCKRODT, INC.; and             Place:    USDC-Northern District
   BRACCO DIAGNOSTICS, INC.                      Courtroom C
21                                               450 Golden Gate Avenue
             Defendants.                         San Francisco, CA 94102
22

23

24    TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF

25 RECORD:

26      Defendants General Electric Company and GE Healthcare Inc.

27 ("Defendants"), respectfully move this Court for an order staying proceedings in

28 anticipation of a final transfer order to be issued by the designated Multidistrict

1  Litigation Court, the Honorable Dan A. Polster, Northern District of Ohio. On
2  October 26, 2007, certain plaintiffs filed a motion before the Panel for transfer of
3  all federal cases involving Gadolinium-based contrast agents to a single court for
4  coordinated pretrial management (the "MDL motion"). In seeking MDL treatment,
5  the moving plaintiffs noted that a number of cases are pending in federal courts
6  across the country involving Gadolinium-based contrast agents, including the
7  product at issue in this case, the FDA-approved Omniscan™. On February 27,
8  2008, the MDL motion was granted and the Honorable Dan A. Polster of the
9  Northern District of Ohio was appointed to preside over the MDL known as In re:
10  Gadolinium Contrast Dyes Products Liability Litigation (see Exhibit "A").
11  Defendants served a Notice of Tag-Along Action identifying this case as subject to
12  transfer. (See Notice of Tag-Along Action as Exhibit "B").

## BACKGROUND

14  On October 26, 2007, a motion and supporting brief were filed with the Panel
15  seeking transfer under 28 U.S.C. § 1407 of the pending cases concerning FDA-
16  approved Gadolinium-based contrast agents in federal court to one court for
17  coordinated proceedings. The moving plaintiffs stated that an MDL was necessary
18  to coordinate the discovery and pretrial administration of this litigation with more
19  than 30 filed cases around the country at that time. The MDL motion was granted
20  on February 27, 2008, establishing an MDL for this litigation in the Northern
21  District of Ohio by the Honorable Dan A. Polster. (See Exhibit "A.") Attorneys for
22  Defendants have served a Notice of Tag Along Action to the MDL Panel
23  specifically identifying the instant case as one that requires transfer to the MDL.
24  (See Exhibit "B.")

25  The MDL was established because pretrial coordination of these actions will
26  eliminate the duplication of discovery, serve the convenience of the numerous
27  parties and witnesses, expedite the just and efficient administration of these
28  complex actions, avoid inconsistent rulings on critical pretrial matters, and conserve

1  the resources of the parties, their counsel, and the federal judiciary.

2  **ARGUMENT**

3  **I.      THIS CASE SHOULD BE STAYED PENDING THE PANEL'S**

4  **TRANSFER TO THE NEWLY ESTABLISHED MDL**

5      Guided by policies of justice and efficiency, this Court should exercise its

6  discretion to stay all further proceedings in this case pending the Panel's action.

7  (See *Conner v. AT&T Bellsouth,* No. 06-0632, 2006 WL 1817094, *3 (E.D. Cal.)

8  June 30, 1996.)[1]  The power to stay is well established and particularly apt here.  It

9  is "incidental to the power inherent in every court to control the disposition of the

10  causes on its docket with economy of time and effort for itself, for counsel, and for

11  litigants." (*Landis v. North American Co.*, 299 U.S 248, 254 (1936).)   Numerous

12  courts have stayed proceedings pending transfers to an MDL Court under Section

13  1407. (See, *e.g., U.S. Bank v. Royal Indem. Co.*, No. Civ.A.3:02-CV-0853-P, 2002

14  WL 31114069 (N.D. Tex. Sept. 23, 2002)[2]; *Rivers v. The Walt Disney Co.*, 980 F.

15  Supp. 1358 (C.D. Cal. 1997).)   When deciding whether to issue a stay pending a

16  decision by the Panel, courts look at (1) considerations of judicial economy and (2)

17  prejudice to the parties. (*Rivers*, 980 F. Supp. at 1360.)   As described below,

18  consideration of both these factors favor the granting of a stay of this action.

19      **A.      Judicial Economy Mandates a Stay.**

20      Defendants timely removed this case from state court.  If this Court decided

21  not to issue a stay, it may enter rulings that would need to be reconsidered after

22  coordination.   To avoid the risk of inconsistent substantive legal rulings, pretrial

23  proceedings in this matter and other actions should proceed in an orderly,

24  coordinated fashion, as directed by the court selected by the MDL Panel to

25  coordinate these cases, the Northern District of Ohio.  As the court in *U.S. Bank*

26  noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted,

27

28

[1]    See Exhibit "C."
[2]    See Exhibit "D."

1   all of the Court's time, energy, and acquired knowledge regarding the action and its

2   pretrial procedures will be wasted." (2002 WL 31114069 at *2.)  At this point, this

3   Court has no need to expend its resources "familiarizing itself with the intricacies of

4   a case that would be heard [for pre-trial purposes] by another judge." (See *Rivers*,

5   980 F. Supp. at 1360.)  The Court likewise has no need to hold status conferences

6   or issue discovery orders prior to the Panel's ruling, because "any efforts on behalf

7   of this Court concerning case management will most likely have to be replicated by

8   the judge that is assigned to handle the consolidated litigation." (*Id.*)  Moreover,

9   MDL courts regularly decide *Daubert* and dispositive motions before they return a

10  case to the original transferor court. (See, *e.g.*, *In re Rezulin Prods. Liab. Litig.* 309

11  F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory

12  experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.* 261 F. Supp. 2d 603

13  (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for

14  summary judgment).)  Accordingly, a stay will conserve judicial resources.

15      **B.     There Will be no Prejudice to the Parties.**

16      The potential prejudice to Plaintiffs if the action is stayed is non-existent.

17  Plaintiffs have expended limited, if any, resources to date, as this action is in its

18  infancy and no discovery has begun.  Whatever limited discovery could take place

19  in the next several weeks will be wholly subsumed and superseded by the discovery

20  that will take place in an MDL.  Thus, Plaintiffs will not suffer prejudice as a result

21  of a stay.  Furthermore, the short-term stay sought by Defendants will not unduly

22  delay or burden Plaintiffs' preparations for trial, which is still many months and

23  potentially more than a year in the future.

24  ///

25  ///

26  ///

27  ///

28  ///

1

## II.    **CONCLUSION**

2      For the foregoing reasons, Defendants General Electric Company and GE

3   Healthcare Inc. request that the Court grant this motion to stay all proceedings in

4   this case pending transfer this case to the MDL Court for coordinated pretrial

5   management.

6   Dated:  March 26, 2008                  KUTAK ROCK LLP

7

8                                     By:  _Stephanie Hingle_____

9                                          Deborah C. Prosser
                                           Stephanie A. Hingle
10                                         Attorneys for Defendants
                                           GENERAL ELECTRIC COMPANY
11                                         and GE HEALTHCARE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 27, 2008**

FILED
CLERK'S OFFICE

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION

MDL No. 1909

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in twelve actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Ohio. The GE defendants,[1] the Bayer defendants,[2] the Tyco defendants,[3] and defendant Novation, LLC, support centralization, but suggest the Northern District of Ohio as transferee district. Plaintiff in the Northern District of Alabama potentially related action supports centralization, but suggests the District of Colorado as transferee district. Defendant Bracco Diagnostics, Inc. (Bracco) opposes centralization of all claims against Bracco, the Tyco defendants, or the Bayer defendants; or, alternatively, suggests creating a separate MDL for each defendant group; or, alternatively, suggests the District of Kansas as transferee district.

This litigation currently consists of 24 actions listed on Schedule A and pending in thirteen districts as follows: five actions in the Southern District of Ohio; four actions each in the Northern District of Ohio and the Middle District of Tennessee; two actions in the Western District of Texas; and one action each in the Eastern District of Arkansas, the Central District of California, the District of Colorado, the Northern District of Georgia, the Western District of Louisiana, the District of Minnesota, the Western District of Missouri, the District of South Carolina, and the Southern District of Texas.[4]

---

[*] Judges Heyburn and Motz did not participate in the disposition of this matter.

[1] General Electric Co., GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.

[2] Bayer Healthcare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Corp., and Bayer Pharmaceuticals Corp.

[3] Mallinckrodt, Inc., Tyco International Ltd., Tyco Healthcare Ltd., Tyco Holdings Ltd., Tyco Healthcare Group LP, and Covidien Ltd.

[4] The Panel has been notified that 44 other related actions have been filed as follows: four actions in the District of New Jersey; three actions each in the Eastern District of Missouri, the Eastern District of Wisconsin, and the Northern District of West Virginia; two actions each in the Northern District of Alabama, the Eastern District of Arkansas, the Central District of California, the District

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of the allegation that gadolinium based contrast dyes may cause nephrogenic systemic fibrosis in patients with impaired renal function. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of all MDL No. 1909 actions, defendant Bracco argues, *inter alia*, that (1) the actions do not share sufficient questions of fact because each of the contrast agents is chemically and pharmacologically different; (2) because of the unique properties of each contrast agent, a global MDL will impinge upon the due process rights of the separate defendant companies; (3) when each defendant group is considered separately, there are too few actions to warrant MDL treatment for any claims other than those involving the GE defendants; and (4) alternatives to centralization are available and sufficient to coordinate the small number of claims involving Bracco and the Tyco and Bayer defendants.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 1909 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199

---

of Colorado, the Middle District of Louisiana, the District of Maryland, and the District of Minnesota; and one action each in the Western District of Arkansas, the Northern District of California, the District of Connecticut, the District of District of Columbia, the Middle District of Florida, the Central District of Illinois, the Southern District of Illinois, the Southern District of Indiana, the District of Kansas, the Western District of Louisiana, the Western District of Missouri, the Western District of New York, the Middle District of North Carolina, the Northern District of Ohio, the Southern District of Ohio, the Northern District of Oklahoma, and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION                    MDL No. 1909

## SCHEDULE A

### Eastern District of Arkansas

Roland Thomas v. General Electric Co., et al., C.A. No. 4:07-936

### Central District of California

Cynthia Kay Mitchell v. Berlex Labs, Inc., et al., C.A. No. 5:07-433

### District of Colorado

Greta Carolus, et al. v. General Electric Co., et al., C.A. No. 1:07-714

### Northern District of Georgia

Mary Davis, etc. v. General Electric Co., et al., C.A. No. 4:07-202

### Western District of Louisiana

Ronald E. Corkern, III v. General Electric Co., et al., C.A. No. 1:07-979

### District of Minnesota

William Clark v. General Electric Co., et al., C.A. No. 0:07-3818

### Western District of Missouri

Abraham Showalter, et al. v. General Electric Co., et al., C.A. No. 5:07-6102

### Northern District of Ohio

John G. Walker, et al. v. Tyco Healthcare Group LP, et al., C.A. No. 1:07-741
Beverly Rockwell, etc. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
    C.A. No. 1:07-1564
Gwendolyn Dennis v. General Electric Co., et al., C.A. No. 1:07-2849
James Babione v. General Electric Co., et al., C.A. No. 3:07-1977

### Southern District of Ohio

Alisha A. Hagwood, et al. v. General Electric Co., et al., C.A. No. 2:07-548
Robert W. Murray, et al. v. General Electric Co., et al., C.A. No. 2:07-612

-3-

F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

We are persuaded that the Northern District of Ohio is an appropriate transferee district. This district provides a relatively central forum for this nationwide litigation. In addition, Judge Dan A. Polster has the time and experience to steer this docket on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman[*]     J. Frederick Motz[*]
Robert L. Miller, Jr.                Kathryn H. Vratil
David R. Hansen                      Anthony J. Scirica

Exh. A
-9-

- A2 -

**MDL No. 1909 Schedule A (Continued)**

<u>Southern District of Ohio (Continued)</u>

Carolyn Hall, etc. v. General Electric Co., et al., C.A. No. 2:07-942
Lance A. Voeltner v. General Electric Co., et al., C.A. No. 2:07-943
Paul W. Frazier, et al. v. Bayer Corp., et al., C.A. No. 2:07-1005

<u>District of South Carolina</u>

Anna White v. General Electric Co., et al., C.A. No. 2:07-1740

<u>Middle District of Tennessee</u>

Danielle Marie Snyder v. GE Healthcare, Inc., et al., C.A. No. 3:07-290
Jeanetta Deason v. General Electric Co., et al., C.A. No. 3:07-619
Jerry Henley, et al. v. Tyco International, Ltd., et al., C.A. No. 3:07-774
Kerry Kurt Phillips, et al. v. General Electric Co., et al., C.A. No. 3:07-824

<u>Southern District of Texas</u>

Lloyd Massie, et al. v. Bayer Healthcare, LLC, et al., C.A. No. 3:07-368

<u>Western District of Texas</u>

Donna Lee v. General Electric Co., et al., C.A. No. 5:07-825
Ray Rodriguez, et al. v. General Electric Co., et al., C.A. No. 5:07-826

# EXHIBIT "B"



DLA Piper US LLP
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
www.dlapiper.com

Ann M. DePriester
ann.depriester@dlapiper.com
T  404.736.7806
F  404.682.7800

February 26, 2008

*VIA OVERNIGHT DELIVERY*

Jeffery N. Lüthi, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.S.
Room G-255
Washington, D.C.  20002

Re:    MDL-1909: In re Gadolinium Based Contrast Dyes Products Liability Litigation
       *(application pending)*

Dear Mr. Lüthi:

       Plaintiffs' motion for transfer pursuant to Section 1407 in the above-referenced action,
MDL-1909, is under consideration by the Panel.

       Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict
Litigation, defendants General Electric Company and GE Healthcare Inc., by their attorneys,
provide notice to the Panel of eight (8) potential tag-along actions to MDL-1909 listed on the
attached Schedule A.

       Enclosed are copies of the complaint for each action.  Please contact me if you have any
questions.

                                        Sincerely,

                                        DLA Piper US LLP

                                        Ann M. DePriester

Enclosures

cc:    MDL-1909 Panel Attorney Service List (attached) (via U.S. Mail, letter only)
       Counsel of Record/U.S. District Courts (service list attached) (via U.S. Mail, letter only)

**Exhibit A – Schedule of Actions**

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 1. | February 15, 2008 | *Karen Brown, Individually and on Behalf of the Estate of Ronald T. Brown, Jr. v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, General Electric Company, GE Healthcare Inc., Tyco International, Inc.; Covidien, Inc., Tyco Healthcare Group, LP, Mallinckrodt, Inc., and Bracco Diagnostics, Inc.* | N.D. Cal. San Francisco Division | 3:08-cv-00974 | |
| 2. | February 15, 2008 | *Thomas Lis individually and as husband of Laura Lis, deceased v. General Electric Company, GE Healthcare AS, GE Healthcare Inc., Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare Pharmaceuticals, Inc., Bayer AG, Bayer Schering Pharma AG, Bayer Pharmaceuticals Corporation, Bayer Gesellschaft Fur Beteiligungen mbH, Schering AG, Schering Berlin, Inc., Berlex Laboratories, Inc., Mallinckrodt, Inc., Bracco Diagnostics Inc., Bracco Research USA, Inc., Atlanta Pharma AG, Nycomed International Management GmbH* | W.D. Tenn. Memphis Division | 2:08-cv-02104 | |
| 3. | February 15, 2008 | *Diane O'Reilly, Individually and as Executrix of the Estate of Robert O'Reilly, Deceased v. General Electric Company; GE Healthcare AS, GE Healthcare Inc., Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare Pharmaceuticals, Inc., Bayer AG, Bayer Schering Pharma AG, Bayer Pharmaceuticals Corporation, Bayer Gesellschaft Fur Beteiligungen mbH, Schering AG, Schering Berlin, Inc., Berlex Laboratories, Inc., Mallinckrodt Inc., Bracco Diagnostics Inc., Bracco Research USA, Inc., Altana Pharma AG, Nycomed International Management GmbH* | D. N.J. Newark Division | 2:08-cv-00881-KSH-MAS | Hon. Katharine S. Hayden |
| 4. | February 15, 2008 | *Joe V. Sanchez and Sandra L. Roarty-Sanchez v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, General Electric Company, GE Healthcare Inc., Tyco International, Inc.;* | N.D. Cal. San Francisco Division | 3:08-cv-00973 | |

## Exhibit A – Schedule of Actions

| | | | | | |
|---|---|---|---|---|---|
| | | Covidien, Inc., Tyco Healthcare Group, LP; Mallinckrodt, Inc., and Bracco Diagnostics, Inc. | | | |
| 5. | February 20, 2008 | Sang Walker individually and as wife of James Walker, deceased v. General Electric Company, GE Healthcare AS; GE Healthcare Inc., Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare Pharmaceuticals, Inc., Bayer AG, Bayer Schering Pharma AG, Bayer Pharmaceuticals Corporation, Bayer Gesellschaft Fur Beteiligungen mbH, Schering AG, Schering Berlin, Inc., Berlex Laboratories, Inc., Mallinckrodt, Inc., Bracco Diagnostics Inc.; Bracco Research USA, Inc.; Altana Pharma AG; Nycomed International Management GmbH | M.D. Tenn. Nashville Division | 3:08-cv-00172 | Hon. Aleta A. Trauger |
| 6. | February 21, 2008 | Edyth Foster v. General Electric Company, GE Healthcare Inc. GE Healthcare AS, Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare Pharmaceuticals, Inc., Bayer AG, Bayer Schering Pharma AG, Schering, AG, Schering Berlin, Inc., Bayer Gesellschaft Fur Beteilgungen mbH, Berlex Laboratories, Inc. a/k/a Berlex, Inc., Mallinckrodt, Inc., Bracco Diagnostics Inc., Bracco Research USA, Inc., Atlanta Pharma AG; Nycomed International Management GmbH | N.D. Okla. Tulsa Division | 4:08-cv-00098-GKF-PJC | Hon. Gregory K. Frizzell |
| 7. | Removed February 19, 2008 | Priscilla Geffen, an individual, and Joel Geffen, an individual, and as husband and wife v. General Electric Company, GE Healthcare a/k/a General Electric Company d/b/a GE Healthcare, GE Healthcare Inc. d/b/a GE Healthcare Medical Diagnostics, GE Healthcare Bio-Sciences Corp., Mallinckrodt, Inc., Menahem M. Maya, M.D., Menahem M. Maya, M.D., Inc., Rola Saouaf, M.D., Rola Saouaf, M.D., Inc., Cedars-Sinai Imaging Medical Group, Inc. a corporation, and DOES 1-50, | C.D. Cal. Los Angeles Division | 2:08-cv-01110-GPS-VBK | Hon. George P. Schiavelli |

## Exhibit A – Schedule of Actions

| 8. | Removed February 20, 2008 | *inclusive* | | | |
|---|---|---|---|---|---|
| 8. | Removed February 20, 2008 | *Michael Gleaton, an individual v. General Electric Company, GE Healthaare a/k/a General Electric Company d/b/a GE Healthcare, GE Healthcare Inc. d/b/a GE Healthcare Medical Diagnostics, GE Healthcare Bio-Sciences Corp., Mallinckrodt, Inc., Rola Saouaf, M.D., Rola Saouaf, M.D., Inc., Mamata Chithriki, M.D., Mamata Chithriki, M.D., Inc., Jeffrey Dym, M.D., Jeffrey Dym, M.D., Inc., Ashley Wachsman, M.D., Ashley Wachsman, M.D. Inc., Cedars-Sinai Imaging Medical Group, Inc. a corporation and Does 1-50, inclusive* | C.D. Cal. Los Angeles Division | 2:08-cv-01126-FMC-E | Hon. Florence-Marie Cooper |

01/25/2008 12:09 FAX 2025022345     JPML     @003

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1909 - IN RE: Guidant Corp. Implantable Defibrillators Products Liability Litigation
Status: Pending on //
Transferee District:     Judge:

Printed on 01/25/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Almy, Jann D.
BURG SIMPSON ELDREDGE HERSH & JARDINE PC
312 Walnut Street
Suite 2090
Cincinnati, OH 45202
→ Phone: (513) 852-5600  Fax: (513) 852-5611  Email: jalmy@burgsimpson.com
Penler, Margaret R.*; Penler, Paul W.*

Bohrer, Philip
BOHRER LAW FIRM LLC
8712 Jefferson Highway
Suite B
Baton Rouge, LA 70809
→ Phone: (225) 925-5297  Fax: (225) 231-7000  Email: phil@bohrerlaw.com
Clift, William*; Thomas, Robert*

Bush, Roger S.
BOOTH & KOSKOFF
18411 Crenshaw Blvd.
Suite 300
P.O. Box 6400
Torrance, CA 90504
→ Phone: (310) 323-4363
Mitchell, Cynthia Kay

Brodbead, Peter J.
SPANGENBERG SHIBLEY & LIBER LLP
1900 East Ninth Street
Suite 2400
Cleveland, OH 44114
→ Phone: (216) 696-3232  Fax: (216) 696-3924  Email: pjb@spanglaw.com
Carlone, H., Harold E.*; Dream, Jeanette*; Dumb, Gwendolyn*; Hall (Sue-Sue, Gregory Lee); Carolyn* Roebuck (John, Jim, Trevor A. Dodo), Beverly*; Vardaman, Lakita A.*; Wilkes, John G.*; Wilkes, Marilyn D.

Burg, Peter W.
BURG SIMPSON ELDREDGE HERSH & JARDINE PC
40 Inverness Drive East
Englewood, CO 80112
→ Phone: (303) 792-5595  Fax: (303) 708-0527  Email: pburg@burgsimpson.com
Carr(as (Spencer-Gastol, Stu*; Conley, Gertie*; Haywood, Aldine A.*; Massey, Linda E.*; Massey, Robert W.*; Snyder, Danielle Marie*; Spencer (By & Through his mother & natural guardian, Aldine A. Haywood), Christian*

Hill, Barry M.
HILL, WILLIAMS PLLC
87 Fourteenth Street
Wheeling, WV 26003
→ Phone: (304) 233-4945  Fax: (304) 233-4969  Email: bhill@hwlaw.us
Robbins, James*; Hanley, Jerry*; Hensley, Lynne*; Lea, Donna*; Phillips, Kerry Kim*; Phillips, Linda D.*; Rodriquez, Alma Praxidis*; Rodriquez, Ray*

Hollis, Lee J.
HOLLIS LAW FIRM PA
5100 West 95th Street
Prairie Village, KS 66207
→ Phone: (913) 385-5400  Fax: (913) 385-5402  Email: leehollis@hollislawfirm.com
Davis (Ind./Exc.Adm.-Rayml L.), Mary*; Showalter, Abraham*; Showalter, Mary Ann*

Jewitt, Jr, Donald D.
JEWITT BISHOP & SUGGS LLC
500 Taylor Street
Suite 301
Columbia, SC 29201
→ Phone: (800) 736-5600  Fax: (800) 767-5697  Email: tjjewitt@swiftswingdillman.com
White, Annie*

Moeller, Deborah A.
SHOOK, HARDY & BACON LLP
→ Phone: (816) 474-6550  Fax: (816) 421-5547  Email: dmoeller@shb.com
Caroline, Ltd.*; Mallinckrodt, Inc.*; Tyco Healthcare*; Tyco Healthcare Group LP*; Tyco

Note: Please refer to the report title page for complete report scope and key.

01/25/2008 12:58 FAX 2025922836    JPML    ☒004

*(Panel Attorney Service List for MDL 1,989 Continued)*    Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

2300 Grand Boulevard
Kansas City, MO 64108-2613

Huddlston, LLC *; Tyco Holdings, Ltd.*; Tyco International, Ltd.*

Petrin, K. Doug
FERRER LAW FIRM PC
1401 Elm Street
Suite 1905
Dallas, TX 75202

⇒Phone (214) 695-3804  Fax (214) 646-6127  Email: dweaver@weaver...

Fleeing, Monica M.
WHEELER TRIGG KENNEDY LLP
1801 California Street
Suite 3600
Denver, CO 80202

⇒ Phone (303) 292-2525  Fax (303) 294-1879  Email: ...
Novartis, LLC*

Pesse, Charles F.
DRINKER BIDDLE & REATH LLP
50 Fremont Street
20th Floor
San Francisco, CA 94105

⇒Phone (415) 591-7500  Fax (415) 591-7510
Serlex Labs, Inc.

Sdaring Healthcare, Ltd.,
400 Morgan Lane
West Haven, CT 06516-4175

⇒
[Sdaring Healthcare, Ltd.]

Tabrisga, Amy W.
DLA PIPER US LLP
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104

⇒Phone (212) 335-4500  Fax (212) 335-4501  Email: ...
GE Healthcare Bio-Sciences Corp.*; GE Healthcare, Inc.*; General Electric Co.*

Shein, Barin M.
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ 07932-1047

⇒Phone (973) 549-7350  Fax (973) 549-7351  Email: ...
Bayer Corp.*; Bayer Healthcare Pharmaceuticals, Inc.*; Bayer Healthcare, LLC*; Bayer Pharmaceuticals Corp.*

Swords, Thomas M.
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City, MO 64108-2520

⇒Phone (816) 471-2121  Fax (816) 472-0288  Email: ...
Bracco Diagnostic, Inc.*

Note: Please refer to the report title page for complete report scope and key.

## SERVICE LIST (Potential Tag-Along Actions)

### CLERKS OF COURTS:

Clerk, Central District of California (Los Angeles)
U.S. District Court Clerk's Office
312 N. Spring Street
Los Angeles, California 90012

Clerk, Northern District of California (San Francisco)
U.S. District Court Clerk's Office
450 Golden Gate Avenue-16th Floor
San Francisco, California 94102

Clerk, District of New Jersey (Newark)
U.S. District Court Clerk's Office
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Clerk, Northern District of Oklahoma (Tulsa)
U.S. District Court Clerk's Office
333 West Fourth, Room 411
Tulsa, Oklahoma 74103

Clerk, Middle District of Tennessee (Nashville)
U.S. District Court Clerk's Office
801 Broadway
Nashville, Tennessee 37203

Clerk, Western District of Tennessee (Memphis)
U.S. District Court Clerk's Office
Federal Building
167 North Main Street, Room 242
Memphis, Tennessee 38103

### PLAINTIFFS' COUNSEL:

Peter W. Burg
David K. Teselle
Burg, Simpson, Eldredge, Hersh & Jardine, PC
40 Inverness Drive East
Englewood, Colorado 80112-2866
*Counsel for Plaintiffs Thomas Lis; Sang Walker; Edyth Foster*

Walter W. Bussart
Bussart Law Firm
520 N. Ellington Parkway
Lewisburg, Tennessee 37091
*Counsel for Plaintiffs Thomas Lis; Sang Walker*

David C. Bean
David M. Garrett, Jr.
Douglass R. Elliott
Garrett Law Office (Tulsa)
111 West Fifth Street, Suite 800
Tulsa, Oklahoma 74103
*Counsel for Plaintiff Edyth Foster*

Lawrence J. Gornick
Dennis J. Canty
Debra Irwin DeCarli
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, California 94104
*Counsel for Plaintiffs Karen Brown; Joe Sanchez and Sandra Roarty-Sanchez*

Ramon Rossi Lopez
Christina Anne Fountain
Jason Edward Ochs
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, California 92660
*Counsel for Plaintiffs Priscilla Geffen and Joel Geffen; Michael Gleaton*

Barbara G Medley
Medley & Spivy
111 W Commerce Street, Suite 201
Lewisburg, Tennessee 37091
*Counsel for Plaintiffs Thomas Lis; Sang Walker*

Christopher A. Seeger
Seeger Weiss LLP
550 Broad Street, Suite 920
Newark, NJ 07102-4573
*Counsel for Plaintiff Diane O'Reilly*

**OTHER PARTIES**

Mamata Chithriki, M.D.
8700 Beverly Boulevard, Suite M-335
Los Angeles, California 90048

Jeffrey Dym, M.D.
8700 Beverly Boulevard, Suite M-335
Los Angeles, California 90048

Menahem M. Maya, M.D.
8700 Beverly Boulevard, Suite M-335
Los Angeles, California 90048

Rola Saouaf, M.D.
8700 Beverly Boulevard, Suite M-335
Los Angeles, California 90048

Ashley Wachsman, M.D.
8700 Beverly Boulevard, Suite M-335
Los Angeles, California 90048

Cedars-Sinai Imaging Medical Group
8700 Beverly Boulevard, Suite M-335
Los Angeles, California 90048

# EXHIBIT "C"

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

C
Conner v. AT & T
E.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Greg CONNER, Mark Boulet, Sergio Vasquez,
James Bolich, Debra Bolich, Cheryl Scroggins,
Melissa Scroggins, M. Diedre Wilten, Stephen M.
Kampmann, Lloyd Brown, and Claudia Salazar,
Plaintiffs,
v.
AT & T, Bellsouth, Verizon, and Does 1-50,
inclusive, Defendants.
No. CV F 06-0632 AWI DLB.
(Document # 7).

June 30, 2006.

Nicholas J.P. Wagner, Law Offices of Wagner &
Jones, Fresno, CA, for Plaintiffs.
Jacob Robert Sorensen, Pillsbury Winthrop Shaw
Pittman LLP, San Francisco, CA, Brian Matthew
Boynton, Wilmer Cutler Pickering Hale and Dorr
LLP, Washington, DC, for Defendants.

**ORDER GRANTING DEFENDANT'S
MOTION TO STAY ACTION PENDING
RULING BY THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**
ANTHONY W. ISHII, District Judge.
*1 This action concerns Defendants' alleged
furnishing of Plaintiffs' and similarly situated
individuals' telephone communications to the
United States. The court has jurisdiction over the
federal causes of action pursuant to 28 U.S.C. §
1331 and supplemental jurisdiction over the state
law causes of action pursuant to 28 U.S.C. § 1367.
Pending before the court is Defendant Verizon's
motion to stay this action pending a ruling by the
Judicial Panel On Multidistrict Litigation ("Panel"
).

**BACKGROUND**

On May 12, 2006, Plaintiffs filed their complaint in
the Fresno County Superior Court of California.
The complaint alleges that Defendants AT & T,
BellSouth, and Verizon improperly disclosed
Plaintiffs' telephone communication records to the
United States. The first cause of action alleges
common law invasion of privacy. The second cause
of action alleges unauthorized publication and/or
use of communications in violation of 47 U.S.C. §
605. The complaint seeks to certify a class of all
California-resident subscribers of Defendants whose
information has allegedly been disclosed or sold to
the United States. On May 23, 2006, the case was
removed to this court by Defendant AT & T.

On May 24, 2006, Defendant Verizon filed a
motion before the Panel pursuant to 28 U.S.C. §
1407. Defendant Verizon's motion requests the
Panel take jurisdiction of this action and all similar
actions that concern Defendants' alleged improper
release of telephone communications to the United
States.

On May 25, 2006, Defendant Verizon filed a
motion in this court for a stay of all proceedings
pending a ruling by the Panel. Defendant Verizon
contends that this case is just one of many actions
concerning Defendants' alleged improper release of
telephone communications to the United States, and
there is no reason to proceed with this action,
including hearing motions and supervising
discovery, until the Panel has had the opportunity
to rule on Defendant Verizon's motion. Defendant
Verizon contends that a stay will avoid duplicative
proceedings. Defendant Verizon will be prejudiced
if it is forced to defend this action prior to the
Panel's ruling, and Plaintiff will not be prejudiced.

The court received a letter from the Honorable
Wm. Terrel Hodges, Chairman of the Panel, dated
May 30, 2006. The letter indicates that this action,
among others, is being considered by the Panel for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

transfer. The letter informs the court that this court's jurisdiction continues until the Panel orders transfer. The letter continues:
If you have a motion pending... you are free to rule on the motion, of course, or wait until the Panel has decided the transfer issue. The latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.

Letter from Panel to Involved Judges, Dated May 30, 2006.

On June 8, 2006, Plaintiffs filed a First Amended Complaint. The first cause of **action** alleges common law invasion of privacy. The second cause of **action** alleges unauthorized publication and/or use of communications in violation of 47 U.S.C. § 605. The third cause of **action** alleges divulgence of communication contents in violation of 18 U.S.C. § 2702(a)(1) and/or (a)(2). The fourth cause of **action** alleges divulgence of communication records in violation of 18 U.S.C. § 2702. The First Amended Complaint seeks to certify a class comprised of, and defined as, all current and former California customers of Defendants whose private and confidential information was disclosed and/or sold by Defendants.

*2 On June 12, 2006, Plaintiffs filed an opposition to Defendant Verizon's motion for a stay. Plaintiffs contend this action is different than the other actions concerning Defendants' disclosure of subscriber information because Plaintiffs seek to certify a class of only California residents and Plaintiffs' principle cause of action is for a violation of Plaintiffs' right to privacy under the California Constitution. Plaintiffs also point out that most of the other actions do not seek an injunction. Plaintiffs contend that unlike other actions, Plaintiffs do not intend to seek disclosure of information about the United States' use of Defendants' records, and as such, discovery of secret government information will not be an issue in this action. Plaintiffs contend they will be prejudiced by a stay because Defendants will continue with their alleged illegal actions.

On June 19, 2006, Defendant Verizon filed a reply. Defendant Verizon claims that there are now more than 30 similar actions pending across the country. Defendant Verizon contends that this action is not significantly different than the other actions. Defendant Verizon argues that no matter how Plaintiffs seek to characterize this action, disclosure of the United States' intelligence gathering methods and/or capabilities is at issue, and this issue will require the court to review the military and state secrets privilege. Defendant Verizon also argues that at least two other cases seek to certify a class of only California residents, and a class including nationwide residents would include California residents. Finally, Defendant Verizon argues that it is unnecessary for this action to contain exactly the same causes of **action** and exactly the same requested remedies for it to be consolidated with the other cases by the Panel.

On June 19, 2006, the United States filed a statement of interest of the United States in support of Defendant Verizon's motion for a stay pending a decision by the Panel. The United States contends that this action is similar to the other actions before the Panel because all concern telecommunication carriers' purported provision of telephone data and records to the United States. The United States contends that it intends to assert the military and state secrets privilege in all of these actions and seek their dismissal.

On June 22, 2006, Plaintiffs' filed a motion to amend their complaint. The proposed Second Amended Complaint seeks to add causes of action for violations of California Business and Professions Code § 17200 and California Penal Code § 11149.4. Besides monetary damages, the Second Amended Complaint seeks injunctive relief.

## DISCUSSION

There are numerous lawsuits across the United States seeking relief for Defendants' alleged participation in intelligence gathering activities allegedly carried out by the United States. All actions allege that Defendants assisted the United States in conducting domestic electronic

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exh. C
-24-

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

surveillance by allowing the United States access to Defendants' records, including subscribers' telephone calls and/or records concerning those calls. This issue of whether these actions should be consolidated is currently pending before the Panel. The other actions include: *Hepting v. AT & T,* No. 06-cv-672 (N.D.Cal.); *Souder v. AT & T,* No. 06-cv-1058 (S.D.Cal.); *Ludman v. Verizon,* No. 06-cv-0916 (D.D.C.); *Driscoll v. Verizon,* No. 1:06-cv-0916 (D.D.C.); *Phillips v. BellSouth,* No. 06-cv-0918 (D.D.C.); *Schwarz v. AT & T,* No. 06-2837 (N.D.Ill.); *Terkel v. AT & T,* No. 06-2837 (N.D.Ill.); *Fuller v. Verizon,* No. 9:06-cv-0077 (D.Mont.); *Dolberg v. AT & T,* No. 06-cv-0078 (D.Mont.); *Marck v. Verizon,* No. CV-06-2455 (E.D.N.Y.); *Mayer v. Verizon,* No. 06-cv-3650 (S.D.Y N.); *Bissitt v. Verizon,* No. 1:06-cv-0220 (D.R.I.); *Hines v. Verizon Northwest, Inc.,* No. 9:06-cv-00694 (D.Or.); *Bissitt v. Verizon,* No. 06-cv-0220 (D.R.I.); *Mahoney v. AT & T,* No. 1:06-cv-00223 (D.R.I.); *Mahoney v. Verizon,* No. 1:06-cv-00224 (D .R.I.); *Potter v. BellSouth Corp.,* No. 06-0469 (M.D.Tenn.); *Trevino v. AT & T,* No. 06-cv-0209 (S.D.Tex.); *Hurrington v. AT & T,* No. 06-cv-0374 (W.D.Tex.).

*3 The power to issue a stay in an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The decision to grant or deny a stay of proceedings pending a ruling on the transfer of a matter to the Panel lies within the court's discretion. *Good v. Prudential Ins. Co. of Am.,* 5 F.Supp.2d 804, 809 (N.D.Cal.1998); *see also Landis,* 299 U.S. 254-55. To determine whether a stay is appropriate, the court should balance the competing interests of the moving and non-moving parties. *Rivers v. Walt Disney Co.,* 980 F .Supp. 1358, 1360 (C.D.Cal.1997). The court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id.*

One other consideration in determining whether the court should stay a matter pending the Panel's decision on transfer is whether deferring to the Panel would advance the interests for which the

statutes authorizing multidistrict litigation were intended. "Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred [to the MDL court]."*See, e.g., In re Ivy,* 901 F.2d 7, 9 (2d Cir.1990) (citing H.R.Rep. No. 1130, 90th Cong., 2d Sess.); *Greene v. Wyeth,* 344 F.Supp.2d 674, 678-74 (D.Nev.2004). The legislative history indicates that to qualify for transfer, civil actions must meet three criteria: [F]irst, they must involve one or more common questions of fact; second, they must be pending in more than one district, and third, pretrial consolidation must promote the "just and efficient conduct" of such actions and be for "the convenience of parties and witnesses."It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.

*In re Ivy,* 901 F.2d at 9;*see also*28 U.S.C. § 1407.

In this action, the court finds a stay is warranted. First, a stay will conserve judicial resources. During the time this action is awaiting a ruling from the Panel, the court may well be forced to decide whether to allow Plaintiffs to amend their complaint, address Defendants' and the United States's possible dismissal motions, and resolve potential discovery issues. As explained in the United States' brief, the United States plans to seek dismissal and/or preclude discovery based on the military and state secrets privilege. Addressing this privilege in relation to dismissal and discovery will take considerable judicial resources. Further, if these actions are coordinated by the Panel, the MDL court hearing the coordinated cases will decide many of dismissal and discovery issues that this court may be asked to address in the next several months. A stay will better ensure uniform decisions on pretrial matters in these cases. A stay will also conserve judicial resources because only one court may need to make such rulings. Thus, judicial economy favors a stay.

*4 Second, the court also considers the resulting prejudice to the parties. The court concludes that, although Plaintiffs may be subjected to some delay as a result of the issuance of a stay, the prejudice to Plaintiffs does not outweigh the judicial economy

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                              Page 4

Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

interests described above and the potential
prejudice to Defendants. Regardless, any delay is
likely to be relatively short. The Panel is set to hear
the issue of transfer on July 27, 2006. The prejudice
to Defendants and the United States of having to
litigate similar issues in so many different forums is
greater than the approximate one to two month
delay Plaintiffs will face. In addition, all parties will
benefit from coordinated pretrial management.
Thus, the prejudice to Defendants and convenience
to the court outweigh any prejudice to Plaintiffs in
staying this action pending a ruling from the Panel.

The court recognizes that while most courts have
stayed similar actions pending a ruling by the Panel
, some courts have declined to issue a stay and
proceeded with motions and discovery in these
types of actions. *See, e.g., Terkel v. AT & T Inc.,*
2006 WL 1663456 (N.D.Ill. Jun 09, 2006) (denying
motion for stay). The court respectfully disagrees
with those courts that have declined to issue a stay.
The one court to reach the issue of the military and
state secrets privilege in a similar case concluded
that the case could not proceed and discovery could
not commence until the court examined the
classified documents to assess whether and to what
extent the military and state secrets privilege
applies. *See Hepting v. AT & T Corp.,* 2006 WL
1581965 (N.D.Cal. June 6, 2006). The court finds
that before the parties and the court are required to
delve into this issue, the Panel should be allowed
the opportunity to determine whether these actions
should be coordinated.

### ORDER

Accordingly the court ORDERS that:

1. Defendant Verizon's motion for a stay is
GRANTED; and

2. This action is STAYED pending a decision by
the Judicial Panel On Multi District Litigation.

IT IS SO ORDERED.

E D Cal.,2006.
Conner v. A T&T

Not Reported in F.Supp.2d, 2006 WL 1817094
(E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "D"

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
U.S. Bank v. Royal Indem. Co.
N.D.Tex.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas
Division.
U.S. BANK, NATIONAL ASSOCIATION as
Trustee, and Bluebonnet Savings Bank FSB,
Plaintiffs,
v.
ROYAL INDEMNITY COMPANY, Defendants.
**No. CIV.A.3:02-CV-0853-P.**

Sept. 23, 2002.

Defrauded investor brought action against bankrupt
investment seller's surety. On surety's motion to stay
pending multidistrict litigation, the District Court,
Solis, J., held that stay was warranted.

Motion granted
West Headnotes
**Action 13 ⟜69(5)**

13 Action
    13IV    Commencement,    Prosecution,    and
Termination
        13k67 Stay of Proceedings
            13k69 Another Action Pending
                13k69(5) k. Nature and Subject Matter
of Actions in General. Most Cited Cases
Stay of defrauded investor's suit against investment
seller's surety was warranted pending ruling on
surety's motion to consolidate action with five
related actions brought by other investors in other
federal district courts; requiring surety to proceed
with multiple suits would cause hardship, while
availability of prejudgment interest assured that
investor would be compensated for any delay.

MEMORANDUM ORDER AND OPINION
SOLIS, District J.
*1 Presently before the Court is:

1. Defendant's Motion to Stay Proceedings Pending
Multidistrict Litigation filed July 23, 2002, with
supporting Brief and Appendix, and Response and
Reply thereto,
2. Plaintiff's Motion for Leave to File Sur-Reply to
Defendant's Motion to Stay, filed September 11,
2002, and Response thereto, and
3. Defendant's Motion to Dismiss Plaintiff's First
Amended Complaint, filed September 9, 2002, with
supporting Brief.

After careful consideration of the parties' briefs, and
the applicable law, the Court hereby GRANTS
Defendant's Motion to Stay Proceedings Pending
Multidistrict    Litigation,    STAYS    Defendant's
Motion to Dismiss Plaintiff's First Amended
Complaint, and DENIES Plaintiff's Motion for
Leave to File Sur-Reply to Defendant's Motion to
Stay.

BACKGROUND

On July 15, 2002, Royal Indemnity Company ("
Royal") submitted a Motion to Transfer and
Consolidate ("MDL Motion") this action, and nine
other actions with the Judicial Panel on Multidistrict
Litigation ("JPML"). The related actions are
pending before five different federal district courts.
Defendants contend that all of the related actions
arise from a complicated Ponzi scheme operated by
Commercial Money Center, Inc. ("CMC"). In this
action, Bluebonnet Savings Bank FSB ("Plaintiff"
or "Bluebonnet") sued Royal, as did various other
plaintiffs around the country, claiming Royal had to
make Plaintiff whole for losses incurred as a result
of CMC's scheme.

CMC originated leases, then pooled the leases and
assigned the rights to the monthly lease payments to
investors, such as Plaintiff. Def.'s Mot. to Stay at 2.
Before selling the lease pools, CMC obtained lease
bonds from surety companies, including Royal. *Id.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exh. D**
**-28-**

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

In April 1998, Plaintiff purchased the right to monthly lease payments for certain lease pools from CMC. *Id.* In November 2000, Royal issued lease bonds in favor of CMC. Pl.'s Rsp. to D.'s Mot. to Stay at 3. In December 2001, CMC defaulted on the lease pools. Royal began receiving demands from investors, including Plaintiff, for payment under the bonds.

Royal filed suit against CMC in the Southern District of California. Thereafter, Royal alleges that it discovered that most of CMC's leases were fraudulent. CMC filed for bankruptcy, and Royal has been sued in various courts around the county regarding recovery on these bonds. Because of Royal's contention that the CMC program lies at the heart of the allegations country wide, and at the heart of Royal's defenses to all of the Plaintiffs' claims, Royal filed a motion with the JPML to transfer and consolidate this action with the nine other similar actions pending around the country. Accordingly, Royal filed this Motion to Stay Proceedings Pending Multidistrict Litigation.

### DISCUSSION

### A. DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING MULTIDISTRICT LITIGATION MOTION

Royal filed this motion after repeated attempts to reach an agreement with Plaintiff as to staying the proceedings in this Court pending an outcome from the JPML. While Royal claims that Plaintiff was unwilling to agree to a stay, Plaintiff, in their Response to Defendant's Motion to Stay Proceedings, does in fact agree to a partial stay on the issue of discovery. Because this stay on discovery is unopposed, the Court GRANTS Defendant's Motion to stay discovery.

**\*2** However, Plaintiff opposes Defendant's request to stay all proceedings. The Court has sole discretion to stay discovery proceedings. *In re Air Crash Disaster at Paris, France on March 3, 1974,* 376 F.Supp. 887, 888 (J.P.M.L.1974). The Court in *Trinity Industries* in examining a motion to stay,

considered (1) the hardship and inequity to the moving party if the action is not stayed, (2) the potential prejudice to the non-moving party, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Trinity Industries, Inc. v. 188 L.L.C.,* 2002 U.S. Dist. LEXIS 10701 at \*7-9 (N.D.Tex. Jun. 13, 2002).

The undue hardship that Royal contends it will suffer is enormous waste of time, money, and judicial resources associated with repetitive and overlapping discovery, as well as undue hardship on the parties and witnesses. This Court agrees that if Royal is forced to conduct discovery and file dispositive motions with the Court, that an excessive amount of time, money and energy could potentially be wasted.

Furthermore, Plaintiff alleges that it will suffer undue hardship if the stay is granted; Plaintiff states that if this Motion is granted, that is "one less day [plaintiff] has the monetary resources at its disposal that Royal owes under the lease bonds."Pl.'s Rsp. to Def.'s Mot to Stay at 6. However, Royal notes that the only remedy Plaintiff seeks is monetary damages, including pre-judgment interest. Def's Mot. to Stay at 7. Thus, if Plaintiff proves its allegations, it will be fully compensated for any delay caused by the brief stay requested.

Finally, the Court recognizes that by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.

Thus, the Court GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation.

### B. DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S MOTION TO STAY

Defendant filed its Motion to Dismiss Plaintiff's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exh. D
-29-**

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

First Amended Complaint on September 9, 2002. On September 10, 2002, Plaintiff filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. On September 11, 2002, Plaintiff filed its Motion for Leave to File Sur-Reply to Defendant's Motion to Stay. On September 12, 2002, Plaintiff filed Notice of Withdrawal of Request for Entry of Default Judgment.

Notwithstanding Defendant's Motion to Stay, Defendant filed its Motion to Dismiss. Included as Exhibit A to Defendant's Motion to Dismiss was a copy of the letter sent to Defendant by Plaintiff informing Defendant that if Defendant did not file an answer by September 9, 2002, Plaintiff would file Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned that the Court would be deciding Defendant's Motion to Stay at that time. Thus, Defendant filed its Motion to Dismiss in lieu of answering, avoiding the necessity of Plaintiff's Default actions. However, despite the fact that Plaintiff knew Defendant filed its Motion to Dismiss, Plaintiff nonetheless filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned about wasting the Court's time.[FN1] Subsequently, at the insistence of Defendant, Plaintiff withdrew its request for entry of default two days later.

>   FN1. Defendant's Response and Opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay states that with Plaintiff's full knowledge that Defendant filed its Motion to Dismiss on September 9, 2002, Plaintiff nonetheless filed request for default on September 10, 2002.

**\*3** After Defendant filed its Motion to Dismiss, Plaintiff filed a Motion for Leave to File Sur-Reply to Defendant's Motion to stay, claiming that " Royal's Motion to Dismiss asserts a position diametrically opposed to the relief requested in its Motion for Stay ."Letter to Court from Plaintiff dated Sept. 11, 2002. Plaintiff further stated that in light of Royal's exceptional action of seeking

dispositive relief that directly undermined its arguments in favoring a stay, plaintiff sought leave to file a sur-reply. *Id.*

The Court can clearly see that Defendant filed its Motion to Dismiss, notwithstanding its Motion to Stay, in response to Plaintiff's threat of impending filing of Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. It seems to the Court that Defendant's actions are not so "diametrically opposed" to its position taken in its Motion to Stay, but taken to head off the unnecessary paper filed with the Court, which was nonetheless unnecessarily filed.

Accordingly, the Court STAYS Defendant's Motion to Dismiss, as well as all other proceedings in this matter. Likewise, the Court DENIES Plaintiff's Motion for Leave to File Sur-reply to Defendant's Motion to Stay.

CONCLUSION

Accordingly, after careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

IT IS SO ORDERED

N.D.Tex.,2002.
U.S. Bank v. Royal Indem. Co.
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exh. D
-30-